*HAMMOND AND OTHERS *v.* FULLER AND OTHERS.         [*197]

Where a party by erecting a dam raises a stream of water above its natural
  level, so as materially to injure mills above, on the same stream, a court
  of chancery will decree that the dam be lowered, and that the party erect-
  ing the same pay all the damages occasioned by raising the water above
  its natural level.

THIS was a motion for an order requiring the defendants Sept. 11th.
to remove a dam on the Paradox Creek, in the county of
Essex, which the complainants alleged had been erected in
such a manner as to violate the injunction issued in this
cause.  The facts sufficiently appear in the opinion of the
Chancellor.

*J. King* and *G. V. Denniston,* for the complainants.

*R. Weston,* for the defendants, cited *Platt* v. *Root,* (15
John. R. 219;) *Palmer* v. *Mulligan,* (3 Caines' R. 320;)
*Gardner* v. *Village of Newburgh,* (2 John. Ch. R. 164;)
*Corporation of New York* v. *Mapes,* (6 John. Ch. R. 46;)
*Reid* v. *Gifford,* (4 John. Ch. R. 19;) Dickens' Rep. 395.

THE CHANCELLOR :—The contest between the parties on
this motion is, whether the dam of the defendants raises the
water of the Paradox Creek at and above the line between
Pliny Mooers' patent and lot No. 306 in the Paradox tract,
above the natural level of the stream, as it existed previous
to the erection of the mills of either of the parties; and in
such manner as materially to injure the mills or mill priv-

ileges of the complainants.   If it does so, the defendants must lower their dam, and pay to the complainants the damages which they have sustained by the violation of the injunction.   It is impossible for the court, from the mass of contradictory affidavits presented, to determine this question with any reasonable prospect of doing justice between the parties.   An issue must therefore be awarded to determine the question; and then both parties will have an opportunity to cross-examine the witnesses before the jury. [*198] But as the merits of the whole *suit depend upon the same question, and the parties are willing that one issue only should be awarded if an issue is necessary on this motion, there must be a decree entered directing an issue to be made up and tried at the circuit in the county of Essex, to determine this question; and the issue must be formed in such a manner that the jury which tries such issue, if the same is found for the complainants, may also assess the damages which they have sustained in consequence of such raising of the water at and above the line of lot No. 306, and that the damages be ascertained by the verdict up to the time of the trial of such issue.   And all other proceedings on the motion which has been made to remove the dam of the defendants, and all further questions and directions in relation to the suit generally, must be reserved until after the trial of the said issue.