THE OGDENSBURGH AND LAKE CHAMPLAIN RAILROAD COMPANY, Appellant, *v.* THE VERMONT AND CANADA RAILROAD COMPANY et al., Respondents.

Plaintiff brought suit to determine the validity of a lease of its road. Defendant S. had judgment upon demurrer to the complaint, and was granted an extra allowance of $4,000. *Held*, that the subject-matter of the action was the lease, and that its value, not the value of the road or the rental value thereof, should have been taken as the basis of the extra allowance; and there being no proof that the lease was of any value, that the allowance made was unauthorized.

An agreement to waive the right to appeal, to be valid, must be based upon some consideration or the facts must estop the party from exercising the right.

Plaintiff's complaint stated that if the lease should be declared valid by a competent legal tribunal, plaintiff "would be content therewith." Upon motion to dismiss appeal, *held*, that this statement did not deprive plaintiff of a right to appeal from the judgment.

Plaintiff, after judgment and appeal, continued to receive the rents reserved by the lease. *Held*, that it was not thereby estopped from prosecuting its appeal, as whether the lease should ultimately be held valid or not plaintiff was entitled to compensation in some form for the use of its road, and by taking what the parties had stipulated to be the value of such use, plaintiff did not deprive itself of its right to appeal.

The defendants, other than S., demurred to the complaint on the ground that the court had no jurisdiction, and the demurrer was sustained. *Held*, that it was not proper to dismiss the appeal upon that ground, or to decide the issues in the case upon the motion.

It was also claimed that the appeal should be dismissed as to non-resident defendants, because the process was not properly served upon them. *Held*, that said defendants having appeared and demurred, thereby waived all objections to the regularity or sufficiency of service.

(Argued November 9, 1875; decided November 16, 1875.)

THIS was a motion to dismiss an appeal from a judgment of the General Term in the third department, affirming a judgment of Special Term in favor of plaintiffs, entered upon an order sustaining defendant's demurrer to the complaint, and also to dismiss an appeal from order of said General Term, affirming an order of Special Term granting an extra allowance of $4,000 to defendant Schrier. (Reported below, 4 Hun, 712; 6 T. & C., 488.)

This action was brought to determine the validity of a lease of its railroad executed by the plaintiff to defendants others than Schrier, who was in charge of the road as superintendent, the other defendants being non-residents and foreign corporations. The complaint set forth the lease, that defendants under it had kept up and maintained the road and performed the contracts on their part; that the attorney-general of the State had brought an action against plaintiff for a forfeiture of its charter by reason of the lease, and if the same should " by competent judicial authority be held to be within its corporate powers to make and to be legal and valid," that the "pecuniary result to plaintiff would not be objectionable," "and they would be content therewith;" but if illegal and subjecting them to forfeiture of their charter, they desired to be relieved therefrom and restored to possession of their road.

All of the defendants save Schrier demurred to the complaint on the ground that the court had no jurisdiction; they being, as it appeared on the face of the complaint, foreign corporations and non-residents. Schrier demurred that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were sustained.

Further facts appear in the opinion.

*Mr. Southmayd* for the appellant. The court had jurisdiction of the persons of the defendants. (*Fosgate* v. *Her. M. and H. Co.*, 12 N. Y., 580; *Cumb. Coal Co.* v. *Sherman*, 8 Abb. Pr., 243, 248; *Redmond* v. *Hoge*, 5 N. Y. S. C., 386, 392; *Rogers* v. *Wheeler*, 43 N. Y., 598; *Shattuck* v. *Cassidy*,

3 Edw. Ch., 152, 154; *Tinkham* v. *Borst*, 31 Barb., 407, 412; *Willet* v. *Waite*, 25 N. Y., 477.)

*Edward C. James* for the respondents. The order affirming the additional allowance of costs to defendant Schrier is not appealable to this court. (Code, § 11, sub. 4, § 309; *Darling* v. *Brewster*, 55 N. Y., 667; *Struthers* v. *Pierce*, 51 id., 365; *Southwick* v. *Southwick*, 49 id., 510, 520; *Lowry* v. *Inman*, 37 How., 286; *Bank* v. *Brush*, 47 id., 78; *Small* v. *Ludlow*, 1 Hilt.; 307.) The railroad property or the possession of it for the unexpired term under the contract was the proper basis for computation of the allowance. (*People* v. *A. and V. R. R. Co.*, 16 Abb. Pr., 465; *Devlin* v. *Mayor*, 15 Abb. Pr. [N. S.], 36, 37; *Burke* v. *Candee*, 63 Barb., 552.) Plaintiff is estopped from appealing from the judgment upon the demurrer of defendant Schrier by the stipulations and declarations in its complaint. (*People* v. *Stevens*, 52 N. Y., 306; *Townsend* v. *Masterton, etc.*, 15 id., 587; *Clark* v. *Meigs*, 10 Bosw., 337.) Plaintiff has waived its appeal by demanding and receiving money under said contract since the appeal was taken. (*Knapp* v. *Brown*, 45 N. Y., 207; *Murphy* v. *Spaulding*, 46 id., 556; *Bennet* v. *Van Syckel*, 18 id., 481; Code, § 325; 6 T. & C., 488; *U. B. Co.* v. *T. and L. R. R. Co.*, 6 Lans., 240, 248.) The court had no jurisdiction of the persons of the defendants. (*Schwanger* v. *Hickok*, 53 N. Y., 280; *Brookman* v. *Hamill*, 43 id., 564; *Valarino* v. *Thompson*, 7 id., 576; *McCormick* v. *P. C. R. R. Co.*, 49 N. Y., 309.)

EARL, J. The defendant Schrier moves to dismiss the appeal of the plaintiff from the order of the General Term affirming the order of the Special Term, granting him an extra allowance of costs, upon the ground that the order involved matter of discretion only in the court below, and was not, therefore, appealable.

The Code (§ 309) provides that "in difficult and extraordinary cases, where a defence has been interposed, or in such

cases where a trial has been had," the court may " in its dis-
cretion, make a further allowance to any party, not exceed-
ing five per cent upon the amount of the recovery or claim,
or subject-matter involved." Under this provision, when
there has been a trial of an issue of fact or law, the granting
of an extra allowance of costs, within the limit specified, is in
the discretion of the court below. Here it is claimed by
Schrier's counsel that the limit has not been exceeded as the
basis for the allowance must have been either the value of the
railroad, $5,000,000, or the annual rental value thereof,
upward of $400,000, and hence that the allowance of $4,000
was authorized. In this I think he was mistaken. The title
to the railroad was not in dispute or controversy and was in
no sense the subject-matter involved in the litigation. That
was conceded to be in the plaintiff. Neither was the posses-
sion of the road the real and substantial subject of contro-
versy. There was no dispute about that. If the lease was
held to be valid the defendants were entitled to the posses-
sion of the road. If it was held invalid the plaintiff was
entitled to the possession. The real controversy was as to
the validity of the lease. When that was determined there
was nothing left for dispute or controversy. The action was
to determine its validity, and hence it was the subject-matter
involved, and its value should have been taken as the basis of
the extra allowance, and as there was no proof that it was of
any value the extra allowance of $4,000 was wholly unauthor-
ized and the appeal cannot be dismissed.

The defendants also move to dismiss plaintiff's appeal from
the judgment entered upon the decision of the issue of law
joined by defendants' demurrer to the complaint upon several
grounds which I will notice separately.

The plaintiff, in its complaint, states that if the agree-
ment annexed thereto should, by competent judicial author-
ity, be adjudged to be legal and valid, the pecuniary result
thereof would not be objectionable to it, and that " it
would be content therewith." It is claimed that this state-
ment in the complaint deprives the plaintiff of the right to

appeal. A party may, doubtless, waive the right to appeal, or be deprived of it by stipulation. But the right to appeal is a valuable right and the agreement to surrender it must be based upon some consideration or the facts must estop the party from exercising it. Here the plaintiff has certainly received no consideration for the surrender of its right of appeal and there are no facts which enable the defendants to invoke the doctrine of estoppel against it. And further, there was no intention to waive or stipulate away the right of appeal. There is a simple statement that the plaintiff would be content with an adjudication that the lease was legal and valid. Nothing more was intended.

It is further claimed that plaintiff is estopped from prosecuting this appeal because it has, since the judgment and appeal, received the rent due upon the lease. The plaintiff has taken nothing by virtue of the judgment; it has simply continued to receive the rent since the judgment as it did before under the lease. Whether the lease should ultimately be held valid or not, and whether the appeal should be successful or not, the defendants being in the possession of the road and having the use and profit thereof, the plaintiff would, in some form, be entitled to some compensation for the use of its road. And the taking from time to time, during the progress of the litigation, what the parties have stipulated to be a precise equivalent for the use, cannot deprive the plaintiff of any valuable right, and certainly not of its right of appeal. If the lease was invalid when made because it was *ultra vires*, it could not be ratified by the receipt of the stipulated rent, or any other act of the parties.

It is further claimed that the appeal from the judgment should be dismissed, because from the facts appearing in the complaint the court had no jurisdiction of the defendants other than Schrier. That was the sole ground of demurrer by these defendants, and the court below sustained the demurrer upon that ground; and it is to review that decision that this appeal has been brought as against these defendants. It is not therefore proper to dismiss the appeal upon

that ground, nor to decide the issue joined by the demurrer upon this motion.

The final claim is made that the record shows that process was not properly served upon the non-resident defendants, and hence, that the appeal should be dismissed as to them. After the defendants appeared and demurred they could not object that they had not been served with process. By their demurrer they raised the question that upon the facts stated in the complaint the court had no jurisdiction of their persons, not that they had not been served with process. Process may have been properly served; but while it appears in the record that the defendants appeared and joined an issue of law it is not important that it should appear how it was served upon them or that it was served at all. A defendant can never appear and join an issue of law or of fact without waiving all objections to the regularity or sufficiency of the service of process upon him.

I am therefore of opinion that the motion should be denied, with ten dollars costs.

All concur.

Motion denied.