JOHN ROTHERY et al., Appellants and Respondents, *v.* THE NEW YORK RUBBER COMPANY, Appellant and Respondent.

Where one wrongfully erects and maintains a dam upon his lands, which sets back the water of the stream upon the lands of a neighbor, a judgment is proper directing the lowering of the dam to such a height as will abate the nuisance.

In such an action plaintiff is not entitled to an extra allowance computed upon the value of his lands, but only upon the amount of damages recovered.

Plaintiff is not entitled to tax, as an item of disbursement, the amount paid to a surveyor for surveys, maps, etc., made for the purposes of the trial.

(Argued June 26, 1882; decided October 10, 1882.)

THESE are cross-appeals from a judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 15, 1881, which modified, and affirmed as modified, a judgment entered upon a decision of the court on trial at Special Term, and which reversed an order of Special Term, denying a motion to readjust the costs by striking out an extra allowance of $250, and an item of $94, taxed

as disbursement for "surveys, maps, profiles, and making levels."
(Reported below, 24 Hun, 172.)

This action was brought to compel defendant to lower its dam, which the complaint alleged it had wrongfully and without authority erected to such a height that it set back the water of the stream upon plaintiffs' lands and mill thereon, and also to recover damages.

The trial court found that the dam was erected fifteen inches higher than defendant had a right to build it, and directed that it be lowered that much, and also gave $50 damages. The extra allowance granted was based upon the value of plaintiffs' premises.

*H. H. Hustis* for plaintiff. The item of "$94 for surveys, maps, profiles, and making levels," etc., was properly allowed. (Code, § 311; *Haynes* v. *Mosher*, 15 How. 216.) The value of the property for the purpose of making an allowance may be shown by affidavit. (*People* v. *A. & S. R. R. Co.*, 16 Abb. 465; *Coleman* v. *Chauncey*, 7 Robt. 581.) Section 308 of the Code is not confined to actions for the enforcement of legal remedies. It embraces equitable as well as legal actions. Wherever the action is for the recovery of money or of real and personal property, and a trial has been had and the case is a difficult and extraordinary one, an extra allowance will be made to the successful party, whether the action is legal or equitable, or partly legal or partly equitable. (*Davis* v. *O'Glean*, 14 How. 310.)

*A. S. Cassedy* for defendant. Plaintiff was only entitled to an extra allowance upon the amount of damages recovered. (Code of Procedure, § 309; *People* v. *N. Y. & S. I. Ferry Co.*, 68 N. Y. 71; *Adriance Dock Co.* v. *Libby*, 45 id. 499; *Palmer* v. *De Witt*, 42 How. 466; *Coates* v. *Goddard*, 34 Sup. Ct. 118; *Spofford* v. *Texas Land Co.*, 41 id. 228; *People* v. *A. & S. R. R. Co.*, 5 Lans. 36; *Coleman* v. *Chauncey*, 7 Robt. 578. The amount paid for surveys, maps, etc., was improperly allowed. (*Hand* v. *Boare*, 9 Bosw. 682;

Opinion *per Curiam.*

*Haynes* v. *Mosher*, 15 How. 216 ; *Provost* v. *Farrell*, 13 Hun, 303 ; Code of Civil Procedure, § 3256.)

*Per Curiam.* It was conceded by the defendant on the trial that its dam set back the water on the plaintiffs' mill, and no prescriptive or other right to flow the plaintiffs' premises is claimed. The only controverted question was one of fact, as to the extent of flowage caused by the dam. The trial judge found that the dam was fifteen inches higher than it should be, having reference to the plaintiffs' rights. This was equivalent to a finding that the dam raised the water fifteen inches on the plaintiffs' premises. It is insisted that there was no evidence that a flowage to that extent was caused by the dam, and this is the main point presented by the defendants' appeal. We think the point is not tenable.\* \* \* \* \* \* There is no objection to the form of relief given by the judgment. It having been determined that the erection and maintenance of the dam at its present height was unauthorized, and an invasion of the plaintiffs' rights, the court was authorized to render a mandatory judgment, requiring the defendants to lower the dam. (*Hammond* v. *Fuller*, 1 Paige, 197; *Corning* v. *The Troy Iron & Nail Factory*, 40 N. Y. 192.)

The appeal by the plaintiffs from the order of the General Term, striking out the extra allowance of $250, and the sum of $94 allowed for engineer's fees, maps, surveys, etc., included in the judgment is not well taken. We concur in the opinion of the General Term upon this question, and the case of *Mark* v. *The City of Buffalo* (87 N. Y. 184) is a recent authority of this court upon the question of allowance to experts.

The judgment and order should be affirmed, without costs to either party on this appeal.

All concur, except TRACY, J., absent.

Judgment and order affirmed.

---

\* The portion of the opinion omitted is simply a consideration of the evidence upon the question of flowage.