30 565
3ap 22

# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THE GENESEE VALLEY CANAL RAILROAD COMPANY AND THE BUFFALO, NEW YORK AND PHILADELPHIA RAILWAY COMPANY, APPELLANTS.

*Extra allowance — it cannot be granted where the value of the subject-matter involved is not shown — Code of Civil Procedure, sec. 3253.*

A railroad company was authorized to construct its road along an abandoned canal from Rochester to Cuba. To avoid a heavy grade it proposed to leave the line of the canal near the village of Nunda, pass to the west of it and again strike the line of the canal. An action, brought by The People to have the road enjoined from leaving the line of the canal and to compel it to construct its road along the line thereof, was decided in favor of the defendant. Upon an application by the defendant for an extra allowance, affidavits were read tending to show that the new route could be much more cheaply constructed and operated by the company than could the old one.

*Held,* that the court properly denied the application upon the ground that the value of the subject-matter involved, upon which the allowance must be based, was not shown by the affidavits.

APPEAL from an order of the Ontario Special Term, denying a motion for an extra allowance.

Action brought to restrain the defendant, The Genesee Valley Canal Railroad Company, from building a railroad on one specified route; and to require it to build upon another route.

The complaint was dismissed, with costs. The order was refused upon the grounds "that the value of the subject-matter involved in this action cannot be computed, and that this is not a proper case for such allowance."

*Frank S. Smith,* for the appellants.

*F. C. Peck* and *L. W. Russell,* attorney-general, for the respondents.

Hardin, P. J.:

By the complaint we find that this action was brought against the Genesee Valley Railroad Company, and the other defendant its lessee to prevent the former company from constructing its road along a proposed line, through the village of Nunda, and to require it to construct its road bed at another and different point in and through said village.  By the act of the legislature (chap. 326, Laws of 1880) the commissioners of the land office were authorized and directed to convey the Genesee Valley canal, lying between Rochester and Cuba.  This grantee, the railroad company, was authorized to construct a railroad track substantially on the line of the canal between the places mentioned.

To avoid an unusual and heavy grade, the Genesee Railroad Company diverged at a point about two miles north of the village of Nunda from the canal, on a line which passed west of it in a south-westerly direction, to a point about two miles west of Nunda, where it intersected the line of the canal.  This line passed one-half to three-quarters of a mile west of the line of the canal where it passed through the village.  The court held that the construction of this part of the line was authorized, and was a substantial compliance with the acts of the legislature.

Of course that holding must be assumed to be correct, as it was in force when the motion was made for an extra allowance, and so far as we are informed it is still in force.  If the valley road had a right to construct its track where it was so doing, it was not required by any law to construct it in any other place, or on any other route.

The right to construct its track where it proposed to, and was constructing it, in the vicinity of Nunda, was challenged by the plaintiff.  That right was the subject of the action.  It would be difficult, if not impossible to determine upon the affidavits used at the Special Term, the value of that right in dollars and cents, so as to adjudicate an allowance upon the "value of the subject-matter involved."  (Code, § 3253: *People* v. *Rockaway Beach Imp. Co.,*

28 Hun, 356; *People* v. *N. Y. and S. I. F. Co.*, 68 N. Y., 83.) In the case last cited ANDREWS, J., said: "The subject-matter involved in the controversy was *the right* to erect the structure, and not the title to the materials or the value of the erections."

In the case in hand the value of the right to construct the tracks on the proposed route, cannot be said to be measured by the expense of construction upon the proposed route, nor by a comparison with the cost of construction of a similar track upon another line. While that comparison of the relative expense of construction might throw some light upon the question, it does not enable the court to say what is the money value of the right to construct a railroad embracing the proposed route.

In fine, we are of the opinion that the affidavits used upon the motion did not establish the value of the right to construct a road-bed over the challenged portions of the line of road, which the Genesee Valley Railroad Company was engaged in constructing when the action was brought.

We may say, therefore, in the language of LEARNED, P. J., in *People* v. *Rockaway Beach Improvement Co.* (*supra*), "nothing shows that it was worth one cent." The existence of the right was disputed, and it has been adjudged to exist, but the proofs used at the Special Term do not establish its value.

EARL, J., said, in *Ogdensburgh and L. C. R. R. Co.* v. *Vermont and C. R. R. Co.* (63 N. Y., 179), that the validity of a lease was involved, and added, viz.: "The action was to determine *its* validity, and hence it was *the subject-matter* involved, and *its* value should have been taken as the basis of the extra allowance, and as there was no *proof* that it was of any value, the extra allowance of $4,000 was wholly unauthorized." * *.

In *Lattimer* v. *Livermore* (72 N. Y., 183), it was said that the easement was the subject-matter involved in the litigation, and *its value was proper* as the basis of the allowance. That action was brought to restrain the defendant from infringing upon the alleged easement.

This case before us differs from *People* v. *Albany and V., etc., Railroad Company*, (16 Abb., 465), which was brought to compel the defendant to *repair and operate* its road. That was held a proper case, as the action affected property the value of which was

determinable. The value of the right to construct the tracks, at the points named in the complaint, near the village of Nunda, was not shown by the affidavits, and therefore we are of the opinion that a proper case for an allowance under section 3253 was not made out.

The Genesee Valley Railroad Company averred it had a *right* to construct in the place proposed; the plaintiff denied that *right*. What was the value of that legal right was not established. The Special Term, therefore, properly denied the application for an extra allowance. (See *Rothery* v. *N. Y. Rubber Co.*, 90 N. Y., 30).

The order should be affirmed, with ten dollars costs and disbursements.

BARKER and DWIGHT, JJ., concurred.

So ordered.