WILLIAM T. SLATTERY AND JOHN E. OLMSTEAD, RESPONDENTS, *v.* SAMUEL E. HASKIN, APPELLANT.

*Practice — motion to dismiss an appeal to the County Court because of a failure of the sureties upon an undertaking to justify — the right to so move is not lost by the service of a notice of retainer or of trial — Code of Civil Procedure, sec.* 3069.

On July 23, 1885, a notice of appeal from a judgment recovered by the plaintiff in a Justice's Court was duly served and the undertaking, required by section 3069 of the Code of Civil Procedure, was executed and filed with the justice, but no copy of the undertaking was served upon the respondents, nor

was any notice of the filing thereof. On August eighteenth the attorneys for the respondents served a notice of retainer, and August thirty-first a notice excepting to the sureties upon the undertaking. On the twentieth of November they served a notice of trial, and on the twenty-fifth of November a notice of a motion to dismiss the appeal upon the ground that the appellant's sureties had failed to justify and that no new undertaking had been executed and filed.

*Held*, that a claim that the motion should be denied upon the ground that the respondents did not except to the sureties within the ten days provided by the Code, was properly overruled, as no copy of the undertaking, or notice of the filing thereof, was served upon the respondents, and they first learned that the undertaking had been filed on August 24, 1885.

That neither the service of the notice of retainer nor of the notice of trial operated as a waiver of the right of the respondents to move to dismiss the appeal.

APPEAL from an order of the Steuben County Court, permitting the defendant to perfect his appeal by procuring the proper justification and allowance of the sureties named in the undertaking within twenty days, or, in default, that his appeal be dismissed.

*H. Bemus*, for the appellant.

*O. E. Searl*, for the respondents.

HAIGHT, J.:

This action was originally brought in Justice's Court and resulted in a judgment in favor of the plaintiffs for $174.63. On the 23d day of July, 1885, a notice of appeal was duly served, and the undertaking, with sureties, executed and filed with the justice, but no notice of the filing of the undertaking, or a copy thereof, was served upon the plaintiffs. Thereafter, and on the 18th day of August, 1885, Messrs. Searl & Larkin served upon the appellant's attorney a notice of retainer for the respondents, and on the thirty-first day of August a notice, excepting to the sureties upon the undertaking. On the 20th day of November, 1885, they served upon the appellant's attorney a notice of trial, and thereafter, and on the 25th day of November, 1885, a notice of motion to dismiss the appeal, upon the ground that the appellant's sureties had failed to justify, and that no new undertaking had been executed and filed.

The defendant, in his notice of appeal to the County Court, demanded a new trial in that court, and under section 3069 of the Code, in order to render such an appeal effectual, the appellant must, at the time of the service of the notice of appeal upon the

justice, give the undertaking required by the Code to stay the execution of the judgment. Such undertaking must be in writing, executed by one or more sureties, approved by the justice who rendered the judgment, or by a judge of the appellate court, and a copy of the undertaking, with a notice of the delivery thereof to the justice, must be served with the notice of appeal. (Code, § 3050.) The attorney for the respondent may, within ten days after the service of a copy of the undertaking, with notice of the filing thereof, serve upon the attorney for the appellant a written notice that he excepts to the sufficiency of the sureties. Within ten days thereafter the sureties, or other sureties in a new undertaking to the same effect, must justify before a judge of the court below or a county judge. If the judge finds the sureties sufficient he must indorse his allowance of them upon the undertaking, or a copy thereof, and the notice of the allowance must be served upon the attorney for the exceptant. The effect of a failure so to justify and procure the allowance is the same as if the undertaking had not been given. (Code, § 1335.)

It is now contended that the respondents did not except to the sureties upon the undertaking within the ten days provided by the Code. But, as we have seen, no copy of the undertaking, or notice of the filing thereof, was served upon the respondents or their attorneys, and they are given ten days after such service to except to the sureties. It appears from the moving papers that they first learned that the undertaking had been filed with the justice on the 24th day of August, 1885, and on the 31st of August thereafter they served their notice excepting to the sureties. It would consequently appear that the notice was in time, and that it thereby became the duty of the appellant to have his sureties justify and his undertaking allowed.

Again, it is contended that the respondents, by serving a notice of retainer and of trial, waived the justification of the sureties. It is well settled that parties, by appearing generally, waive irregularities theretofore existing, and may confer jurisdiction upon the court, even though the court, without such appearance, would not have had jurisdiction. (*Bissell* v. *The N. Y. C. and H. R. R. R. Co.*, 67 Barb., 385; *The Ogdensburg and Lake Champlain R. Co.* v. *The Vermont and Canada R. Co.*, 63 N. Y., 176; *Hill* v. *Burke,*

62 id., 111; *The People ex rel. Jennys* v. *Brennan*, 6 T. & C., 120–126.)

But in this case the appeal was regularly served, and the undertaking was filed with the magistrate. The most that the respondents could have waived by their appearance was the service upon them of the copy of the undertaking, with the notice of its filing. This did not admit the sufficiency of the sureties, or deprive them of the right to except thereto. By appearing, they could not assume that the sureties would fail to justify, or that the appellant would fail to furnish a new undertaking if required. The right to dismiss the appeal grows out of that which transpired subsequent to the notice of retainer, and consequently was not waived by the service of such notice. The waiver, if any, must, therefore, have been in the service of the notice of trial. But the appellant has failed to call our attention to a single case holding that the service of a notice of trial or argument is a waiver of the right to move to dismiss an appeal, and we are inclined to doubt the propriety of so holding.

In the case of *Beebe* v. *Marvin* (17 Abb., 194–196), it was held by the General Term of the Superior Court that the plaintiff was not barred from making a motion for judgment upon a sham answer, after having noticed the case for trial; that he was entitled to the earliest disposition of the case that he could get. In the case of *Arnoux* v. *Homans* (32 How., 382), it was held that the service of a notice of argument of an appeal did not preclude the enforcing payment of the judgment where no stay of proceedings had been granted.

It is true that the appellant was in default in not procuring the allowance of his undertaking at the time the notice of trial was served, but he still had the right to move the court for relief in this regard, and the respondents, not wishing the case to go over another term of the court, may have noticed it for trial without intending or desiring to waive their right to also move to dismiss the appeal.

The order appealed from should be affirmed, with ten dollars costs and disbursements. And the appellant may have twenty days in which to perfect his undertaking under the order appealed from.

BARKER and BRADLEY, JJ., concurred.

So ordered.