GODLEY et al. v. KERR SALT CO.

(Supreme Court, Appellate Division, Fourth Department. March 14, 1896.)

Costs — Extra Allowance — Computation — Value of Subject-Matter Involved.
    Under Code Civ. Proc. § 3253, providing for an allowance of extra costs in a difficult or extraordinary case, where a defense has been interposed, not to exceed 5 per centum on the sum recovered or claimed "or the value of the subject-matter involved," an action to restrain the diversion or pollution of the waters of a stream by a manufacturing company, where no damages are claimed, affords no basis for computation of an extra allowance.

Appeal from special term, Erie county.
    Action by Lester M. Godley and others against the Kerr Salt Company. There was judgment dismissing the complaint. Defendant appeals from an order refusing it an extra allowance of costs. Affirmed.

    This is a suit in equity, to restrain the defendant from diverting or polluting the waters of Oatka creek, to the injury of the plaintiffs, who are the owners of various mills and manufactories along the line of that stream. The plaintiffs charge that the defendant has established and maintained salt works upon the same stream, at a point above the plaintiffs' several properties; and that it has been in the habit of operating its works by sinking deep wells into the underlying salt beds, using the water of the stream in large quantities for flooding the wells, dissolving the salt until the water is saturated, then withdrawing the brine, and evaporating it, in such manner that a considerable quantity of the water is diverted from the stream; and that such portion thereof as ultimately finds its way back into the stream is greatly polluted and rendered unfit for use. Upon this alleged state of facts, the plaintiffs, expressly reserving any and all right to damages until they can resort to their appropriate legal remedy, ask that the defendant be enjoined "from diverting or making use of the water of the said stream, or of any tributary thereof, for the purpose and in the method hereinbefore set forth, or in any other method which shall prevent the same from being restored [to the stream] substantially in the same volume in which it is diverted therefrom, and in its natural purity, and without pollution or contamination." The answer admits that the defendant "makes a reasonable use of a small portion of the water," but only so much as is necessary for its operations; insists that such use is lawful and proper; and denies the remainder of the complaint. The issues thus joined came on for trial at the Wyoming special term. The trial consumed nearly a week, and resulted in a dismissal of the plaintiffs' complaint.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Norris Morey, for appellant.
Theodore Bacon, for respondents.

ADAMS, J.    Section 3253 of the Code of Civil Procedure provides for the granting of an extra allowance "in a difficult and extraordinary case, where a defense has been interposed in any action," which shall not exceed the sum of 5 per centum "upon the sum recovered or claimed, or the value of the subject-matter involved."    That this case was sufficiently difficult and extraordinary to authorize the court, in the exercise of its discretion, to award the defendant a reasonable sum by way of additional costs, is not seriously controverted, and it is fair to assume, from the record furnished us, that the defendant's motion would have proved successful but for the fact that the special term was unable to discover any basis upon which a computation could be made.    The sole question, therefore, which this court is called upon to consider, is whether or not the "subject-matter involved" in this litigation can be reduced to a money value.

The action is virtually one to restrain the continuance of a nuisance.    No damages are asked for in the complaint, and no relief is demanded other than that the defendant be enjoined from a further commission of the acts complained of; nor does the answer contain the averment that any injury or damage would result to the defendant if the relief sought were granted; but, upon the motion, affidavits were read by the defendant, which tended to show that its salt plant, in the condition in which this action found it, was worth $220,000, but that, if deprived of the water drawn from the stream in question, it would not be worth to exceed $20,000; and upon this statement it rests its contention that $200,000 is the value of the "subject-matter involved," and consequently the basis upon which a computation can be made.    This proposition certainly possesses the merit of ingenuity, and it is supported by an array of authorities which it is insisted by the learned counsel are conclusive upon the question; but, after a careful examination of the same, we are persuaded that the weight of authority, at all events, is adverse to this contention.    Without any intention to analyze all the cases which attempt a definition of the term "subject-matter involved,"—an undertaking which it may as well be conceded would in many instances be by no means free from difficulty,—it is worth while, perhaps, to advert to a few of the leading ones.    In the case of Lattimer v. Livermore, 72 N. Y. 174, where the plaintiff sought to restrain the defendant from making certain permanent erections which would have the effect to destroy a valuable easement, it was held that the easement was the subject-matter involved, because that was what was directly affected by the relief demanded.    In Ogdensburgh & L. C. R. Co. v. Vermont & C. R. Co., 63 N. Y. 176, the plaintiff sought to determine the validity of a lease of its road. and the right to the possession of the

entire road was thereby necessarily involved, for, as was said by the court, "if the lease was held invalid, the plaintiff was entitled to the possession." And it was shown that the actual value of the road was $5,000,000, and of the annual rental at least $400,000. An extra allowance was granted, upon the basis which these figures furnished; and this the court of appeals said was error, for the reason that the title to the road and the right to its possession were only incidentally involved, and that the real "subject-matter" was the lease, the value of which must furnish the only correct basis upon which a computation could be made. So, in Conaughty v. Bank, 92 N. Y. 401, which was an action brought to restrain a corporation from the exercise of its corporate franchise, it was held that the term "subject-matter involved" referred simply to property or other valuable thing "the possession, ownership, or title to which is to be determined by the action, and does not include other property, although it may be directly or remotely affected by the result." To the same effect is the case of Spofford v. Land Co., 41 N. Y. Super. Ct. 228, while in Rothery v. Rubber Co., 24 Hun, 172, affirmed 90 N. Y. 30, it was expressly held that in a case like the one at bar an allowance must be computed upon the damages recovered or claimed, and not upon the value of the plaintiff's property affected by the nuisance.

In this connection, the inquiry suggests itself whether, if the plaintiffs had claimed $5,000 damages in their action, any question could possibly have arisen as to the proper and only basis upon which an additional allowance could have been computed; and, if not, then how can the omission to claim pecuniary damages require the adoption of any different rule? The case which seems to approach nearer than any other to the defendant's standpoint is that of Empire City Subway Co. v. Broadway & S. A. R. Co., reported in 87 Hun, at page 279, 33 N. Y. Supp. 1055, which was an action to restrain the defendant from maintaining a subway and conduit for electrical conductors in the streets of New York City. It was shown that the value of the subway was $60,000, and that the use of the conductor was worth $700 per mile, and this was held to furnish a sufficient basis for computing an extra allowance. But here, also, it will be found, by careful examination, that the conclusion reached was by reason of the fact that the value of the subway and the use of the conduit were directly, and not incidentally, affected by the result of the action. In other words, the plaintiff was endeavoring, by means of an injunction, to prevent the defendant from using its property altogether, and herein lies the real distinction between that case and the one in hand. Had the plaintiffs in this action sought to enjoin the defendant from operating its plant in any manner, there would be some force in the contention that the entire property would be directly affected by the result, and consequently that it constituted the subject-matter of the action, but, as we have seen, such is not the case. The plaintiffs simply demand that the defendant shall conduct its business in such manner as not to befoul or diminish a stream of water in which the parties have a common interest; and this demand is

now met with the claim that, unless the defendant can operate its works in the manner complained of, its entire property will suffer from depreciation in value, in which event it is quite manifest that the damage sustained would be incidental or consequential, and not direct. People v. Genesee Val. Canal R. Co., 30 Hun, 565, affirmed 95 N. Y. 666. It can be easily demonstrated that the plaintiffs' various properties were quite as much, if not more directly, involved in this litigation, than was the "plant" of the defendant; and yet it would not be seriously claimed that, in the absence of any demand for pecuniary damages, their value would have afforded a proper basis for an additional allowance, had the suit terminated adversely to the defendant. We are led by these considerations to the conclusion that the defendant's motion was properly denied, and that the order appealed from should consequently be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.