LESTER M. GODLEY and Others, Respondents, *v.* THE KERR SALT COMPANY, Appellant.

*Extra allowance in an action for an injunction to prevent the pollution of a stream — the damages demanded are a proper basis — if damages are not demanded no basis exists — Code of Civil Procedure, § 3253.*

In an action brought to restrain the defendant from diverting or polluting the waters of a creek, the complaint alleged that the defendant maintained salt works upon a stream above the plaintiffs' property, used the water of the stream in salt wells, withdrew the brine, and evaporated it in such a manner that a considerable part went back into the stream and polluted it. No damages were asked for and no relief beyond an injunction restraining the defendant from divering or making use of the stream in any manner which would prevent the water from being restored to the stream substantially in the same volume in which it was diverted therefrom, and in its natural purity.

Upon the dismissal of the complaint the defendant made a motion for an extra allowance, based on affidavits which tended to show that the salt plant, with the use of the stream, was worth $220,000; that, if deprived of the water, the plant would not be worth more than $20,000, and upon this state of facts the defendant contended that the value of "the subject-matter involved" was $200,000.

*Held,* that this view was untenable;

That the value of the defendant's plant was not involved, as the plaintiffs had not sought to restrain its operation entirely, but merely demanded that the defendant should conduct its business in such a manner as not to pollute the stream, and as the defendant had answered that, unless it could continue to conduct its business as before, the value of its plant would be depreciated, it clearly appeared that the damage sustained would be incidental or consequential, and would not be direct;

That the only proper basis of an extra allowance, under such circumstances, was the damages demanded by the plaintiffs, and that, as they had not demanded any damages, the defendant could not be granted an extra allowance.

APPEAL by the defendant, The Kerr Salt Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Wyoming on the 7th day of November, 1895, denying the defendant's motion for an additional allowance of costs.

This is a suit in equity to restrain the defendant from diverting or polluting the waters of Oatka creek to the injury of the plaintiffs, who are the owners of various mills and manufactories along the line of that stream. The plaintiffs charge that the defendant has established and maintained salt works upon the same stream at a point above the plaintiffs' several properties, and that it has been in the habit of operating its works by sinking deep wells into the underlying salt beds, using the water of the stream in large quantities for flooding the wells, dissolving the salt until the water is saturated, then withdrawing the brine and evaporating it in such a manner that a considerable quantity of the water is diverted from the stream, and that such portion as ultimately finds its way back into the stream is generally polluted and unfit for use.

Upon this alleged state of facts, the plaintiffs, expressly reserving any and all right to damages until they can resort to their appropriate legal remedy, ask that the defendant be enjoined "from diverting or making use of the water of the said stream, or of any tributary thereof, for the purpose and in the method hereinbefore set forth, or

in any other method which shall prevent the same from being restored [to the stream] * * * substantially in the same volume in which it is diverted therefrom, and in its natural purity and without pollution or contamination." The answer admits that the defendant " makes a reasonable use of a small portion of the water," but only so much as is necessary for its operations ; insists that such use is lawful and proper, and denies the remainder of the complaint. .

The issues thus joined came on for trial at the Wyoming Special Term. The trial consumed nearly a week, and resulted in a dismissal of the plaintiffs' complaint.

*Norris Morey,* for the appellant.

*Theodore Bacon,* for the respondents.

ADAMS, J.:

Section 3253 of the Code of Civil Procedure provides for the granting of an extra allowance " in a difficult and extraordinary case, where a defense has been interposed in any action," which shall not exceed the sum of five per centum " upon the sum recovered or claimed, or the value of the subject-matter involved." That this case was sufficiently difficult and extraordinary to authorize the court, in the exercise of its discretion, to award the defendant a reasonable sum by way of additional costs, is not seriously controverted, and it is fair to assume, from the record furnished us, that the defendant's motion would have proved successful but for the fact that the Special Term was unable to discover any basis upon which a computation could be made. The sole question, therefore, which this court is called upon to consider, is whether or not the " subject-matter involved" in this litigation can be reduced to a money value.

The action is virtually one to restrain the continuance of a nuisance. No damages are asked for in the complaint, and no relief is demanded other than that the defendant be enjoined from a further commission of the acts complained of ; nor does the answer contain the averment that any injury or damage would result to the defendant if the relief sought were granted ; but upon the motion affidavits were read by the defendant, which tended to show that its salt plant, in the condition in which this action found it, was

worth $220,000, but that, if deprived of the water drawn from the stream in question, it would not be worth to exceed $20,000, and upon this statement it rests its contention that $200,000 is the value of the "subject-matter involved," and consequently the basis upon which a computation can be made.

This proposition certainly possesses the merit of ingenuity and it is supported by an array of authorities which it is insisted by the learned counsel are conclusive upon the question; but after a careful examination of the same, we are persuaded that the weight of authority, at all events, is adverse to his contention. Without any intention to analyze all the cases which attempt a definition of the term "subject-matter involved," an undertaking which it may as well be conceded would in many instances be by no means free from difficulty — it is worth while, perhaps, to advert to a few of the leading ones.

In the case of *Lattimer* v. *Livermore* (72 N. Y. 174), where the plaintiff sought to restrain the defendant from making certain permanent erections which would have the effect to destroy a valuable easement, it was held that the easement was the subject-matter involved, because that was what was directly affected by the relief demanded.

In *Ogdensburgh & Lake Champlain R. R. Co.* v. *The Vermont & Canada R. R. Co.* (63 N. Y. 176) the plaintiff sought to determine the validity of a lease of its road, and the right to the possession of the entire road was thereby necessarily involved, for, as was said by the court: "If it (the lease) was held invalid the plaintiff was entitled to the possession;" and it was shown that the actual value of the road was $5,000,000, and of the annual rental at least $400,000. An extra allowance was granted upon the basis which these figures furnished, and this the Court of Appeals said was error, for the reason that the title to the road and the right to its possession were only *incidentally* involved, and that the real "subject-matter" was the lease, the value of which must furnish the only correct basis upon which a computation could be made.

So, in *Conaughty* v. *The Saratoga Co. Bank* (92 N. Y. 401), which was an action brought to restrain a corporation from the exercise of its corporate franchise, it was held that the term "subject-matter involved" referred simply to property or other valuable

thing, "the possession, ownership or title to property or other valuable thing, which is to be determined by the result of the action. It does not mean the property which may be either directly or remotely affected by the result."

To the same effect is the case of *Spofford et al.* v. *The Texas Land Co.* (41 N. Y. Super. Ct. 228), while in *Rothery et al.* v. *N. Y. Rubber Co.* (24 Hun, 172; affd., 90 N. Y. 30) it was expressly held that in a case like the one at bar an allowance must be computed upon the damages recovered or claimed, and not upon the value of the plaintiff's property affected by the nuisance.

In this connection the inquiry suggests itself whether, if the plaintiffs had claimed $5,000 damages in their action, any question could possibly have arisen as to the proper and only basis upon which an additional allowance could have been computed; and, if not, then how can the omission to claim pecuniary damages require the adoption of any different rule?

The case which seems to approach nearer than any other to the defendant's standpoint is that of *The Empire City Subway Co.* v. *B. & S. A. R. R. Co.* (reported in 87 Hun, at page 279), which was an action to restrain the defendant from maintaining a subway and conduit for electrical conductors in the streets of New York city. It was shown that the value of the subway was $60,000, and that the use of the conductor was worth $700 per mile, and this was held to furnish a sufficient basis for computing an extra allowance. But here, also, it will be found upon careful examination, that the conclusion reached was by reason of the fact that the value of the subway and the use of the conduit were directly and not incidentally affected by the result of the action. In other words, the plaintiff was endeavoring, by means of an injunction, to prevent the defendant from using its property altogether, and herein lies the real distinction between that case and the one in hand. Had the plaintiffs in this action sought to enjoin the defendant from operating its plant in any manner, there would be some force in the contention that the entire property would be directly affected by the result, and consequently that it constituted the subject-matter of the action, but, as we have seen, such is not the case. The plaintiffs simply demand that the defendant shall conduct its business in such a manner as not to befoul or diminish a stream of water in which the parties have a

common interest, and this demand is now met with the claim that unless the defendant can operate its works in the manner complained of, its entire property will suffer from depreciation in value, in which event it is quite manifest that the damage sustained would be incidental or consequential, and not direct. (*The People* v. *G. V. C. R. R. Co.*, 30 Hun, 565 ; affd., 95 N. Y. 666.) It can be easily demonstrated that the plaintiffs' various properties were quite as much, if not more, directly involved in this litigation than was the "plant" of the defendant, and yet it would not be seriously claimed that, in the absence of any demand for pecuniary damages, their value would have afforded a proper basis for an additional allowance, had the suit terminated adversely to the defendant.

We are led by these considerations to the conclusion that the defendant's motion was properly denied, and that the order appealed from should consequently be affirmed.

All concurred, except GREEN. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.