Michael Catalano, J.
Defendants Rivera and Rohles move,
properly at Special Term (People ex rel. Clarkson Mem. Coll. v. Baggett, 274 App. Div. 732, 736, affd. 300 N. Y. 595) under CPLR 8403, for relaxation of plaintiff’s bill of costs, questioning these: “ $14.00, sheriff’s fees on execution; $6.00, Herman Ciminisi, Brant, N. Y.; $6.00, Stanley Littlebrandt; $66.30, photographer of scene; $40.00 Charles Barau, Silver Creek, N. Y.”
Ciminisi and Littlebrandt were subpoenaed and paid witness’s fees of $6 each but were not called to testify. The former, while a Justice of the Peace, had witnessed a signed statement *115 by Mirrusso and had executed a certificate of conviction of Robles. Ciminisi and his records was subpoenaed to court, but after Constable Joseph La Luca testified for almost one day, Ciminisi’s testimony would have been repetitious.
Littlebrandt had accompanied plaintiff and- Mirrusso the night of the accident and was apparently in a car following Mirrusso prior to the accident. Mirrusso and his wife testified that no car followed them. No car arrived at the scene as suspected, so Littlebrandt was not called'to testify.
Barau, an expert commercial photographer (doing business as Jalie Studio Inc.), sold 14 photographs of the accident scene and vehicles with diagramed measurements to plaintiff’s attorney for $66.30. Barau testified at length as a photographic expert, his statutory subpoena fee was $9.20; his fee as an expert photographic witness was $40.
OPLR 8301 (subd. [a], par. 8), permitting taxation of the Sheriff’s fees for receiving and returning one execution, refers inter alia to CPLR 8014, which provides for the collection of Sheriff’s fees on execution “which are not included in the bill of costs of the party in whose favor the execution is issued”. This expressly recognizes the practice of taxing some of the Sheriff’s fees in a bill of costs before those fees are incurred.
Here, Sheriff’s fees on execution of $14 are necessary.
When a person is not sworn as a witness at the trial, it is rebuttably presumed that he was not a necessary witness for the party charging fees for his mere appearance. (Agricultural Ins. Co. v. Bean, 45 How. Pr. 444, 446 [Sup. Ct, 1873].) Witnesses not sworn should be proven to have been deemed necessary; the facts, they were expected to prove and believed they could prove, should be shown; they must be subpoenaed, or their attendance procured, in good faith; if they could be obtained, it should be established that no prudent counsel would have consented to try the case without their testimony, (p. 445).
Here, witnesses Ciminisi and Littlebrandt were necessary according to such tests, although it developed that their testimony would be repetitious or questionable.
OPLR 8301, entitled “Taxable disbursements,” provides: “ (a) A party to whom costs are awarded in an action * * * is entitled to tax his necessary disbursements for: 1. the legal fees of witnesses * * * 8. the sheriff’s fees for receiving and returning one execution * * * 12. such other reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court.” (L. 1962, ch. 308, eff. Sept. 1, 1963.)
Paragraph 12 was stated in section 874 of the 1850 Code of *116 Civil Procedure, viz.: ‘ ‘ Whenever costs are allowed by this code, the charges also are allowed, and when costs are not allowed, the charges are not allowed, except where express provision is made therefor. ’ ’ In 1905, it was restated in section 3256 of the Code of Civil Procedure, viz.: “ and such other reasonable and necessary expenses, as are taxable, according to the course and practice of the court, or by express provision of law.” This was retained in section 1518 of the 1921 Civil Practice Act (L. 1920, ch. 925). So,'the only change made in 1963 was to add: “by order of the court.” (CPLR 8301, subd. [a], par. 12).
What did the Legislature intend by these additional five words ?
The Advisory Committee on Practice and Procedure said:
“ The advisory committee believes, however, that the amounts of costs presently provided are deserving of a thorough study and reevaluation. Because the committee considers that these amounts present social and policy problems separate from the committee’s function of simplification of procedure, it has refrained from undertaking such a task.” (4th Preliminary Report, Jan. 2, 1960, p. 317.) “ The subject of disbursements is largely a matter of decisional law. The basic section of the civil practice act — section 1518 — is, at best, a rough guide to which disbursements are taxable.” (p. 324).
Did the Legislature intend to permit or mandate the Judiciary to solve the ‘1 social and policy problems ’ ’ involved in allowing additional disbursements 1
Literally the words used mean: Additional expenses may be taxed if they are ‘ ‘ reasonable and necessary ’ ’ according to the “ course and practice of the court,” authorized by “ express provision of law” or “by order of the court.” The express provision would be statutory, enacted before the expenses are incurred; the court order would be granted after the expenses are incurred.
One authority observes: “ Undoubtedly, the words reflect the inherent" power of a court and their insertion is designed to ameliorate the restrictive judicial attitude toward disbursement statutes. * * * The new language may be applied to items whose taxability has never been litigated as well as to expenses that have been rejected as taxable disbursements in the past because of the lack of a statutory basis for taxation.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8301.24. See, disbursements held taxable, par. 8301.25; those held not taxable, par. 8301.26; especially annotations under each paragraph.)
*117 “ Sound public policy favors expansive reading of this new provision. Especially since attorney’s fees expended by the successful party are not taxable * * * every effort should be made to make the taxing party whole by permitting recovery of other expenses of the litigation.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8301.01.)
Costs could not be taxed before September 1,1963, unless they were duly awarded pursuant to the express provision of a statute. (Stevens v. Central Nat. Bank, 168 N. Y. 560, 566 [1901].) As Judge Eabl put it for a unanimous court: “We are pointed to no express provision of law, and the sole inquiry, therefore, is whether it is taxable ‘ according to the course and practice of the court. ’ The Supreme Court, which must be presumed to be familiar with its own practice, holds that this is not thus taxable. This the court could have determined from its own knowledge, without any other evidence. But its decision is amply supported by the evidence placed before it, and we can perceive no ground upon which we can reverse it. We are not presumed to know as well as that court the practice which prevails therein in such cases.” (Equitable Life Assur. Soc. v. Hughes, 125 N. Y. 106,110 [1890]; emphasis supplied. Followed: Lange v. Massameno, 17 A D 2d 966, 967 [1962].) Specifically, Judge Finen, for a concurring court, said: “ They presented for taxation as a necessary disbursement which had been paid by them, an item of over $2,000 for plans and measurements and compensation of .experts beyond their fees as witnesses. * * # 1/ allotved, the precedent would draw after it the expense of every preparation for trial, and open the door to a flood of evil.” (Mark v. City of Buffalo, 87 N. Y. 184,189 [1881]; emphasis supplied. Accord: Matter of Schmieder, 130 Misc. 136, 140 [1927].) The sum of $94 for engineer’s fees, maps, surveys, etc., has been, accordingly, disallowed. (Rothery v. New York Rubber Co., 90 N. Y. 30, 32 [1882].) It was only when the survey was part of the proceedings in the action, as in partition, that the surveyor’s fees were taxable as disbursements. (Haynes v. Mosher, 15 How. Prac. 216, 218 [1857].) Sometimes an item, as photostating has been allowed by one court, the Supreme Court, Onondaga County (O’Hara v. Derschug, 156 Misc. 454, 457 [1935]) and disallowed by another, the Surrogate’s Court, Monroe County. (Matter of Guggino, 166 Misc. 424, 425 [1938].)
It has become a practice in this area for commercial photographers to take photographs of motor vehicle accident scenes directly after the event, showing the highways, positions of and damage to the vehicles, debris, skidmarks, surrounding areas, *118 weather conditions, etc. These photographs, sold to participants in the accident or their attorneys, are material if not the most reliable evidence; they have replaced, for the most part, the map or survey of the scene drawn to scale by an engineer or surveyor who testified as an expert witness to its draftmanship for admission in evidence. Often all parties purchase sets of these photographs which are received in evidence upon stipulation of counsel in open court. If complete sets are not purchased or offered in evidence, such omission becomes suspect; the inference may arise that the offerer has something to hide. Thus, the purchase of such photographs, that are not duplications, are necessary disbursements. They fall under the test that if they can be obtained, no prudent counsel would consent to try the case without them.
Generally, private photographers and other expert witnesses are paid substantially more than the statutory witness’ fees. CPLR 8301, subd. [d] recognizes this, providing: ‘ ‘ Where an expense for a service performed, other than a search, is a taxable disbursement, the court may allow its taxation in an amount equal to the reasonable sum actually and necessarily expended therefor, if it is the usual charge made by private persons for the service, although it is in excess of the fee allowed a public officer. ’ ’
Here the photographs were actually purchased for $66.30. It is not shown that this disbursement was reasonable and usually made by private persons for them. Thus, it cannot be allowed in the proof’s present posture.
Also, Barau’s testimony as an expert photographic witness was not necessary (People v. Magri, 3 N Y 2d 562, 566) because any witness who could testify that the photographs were “ a correct likeness ” (Cowley v. People, 83 N. Y. 464, 476) or “ correctly represented ” that which they depicted would be sufficient to allow their admission in evidence.
Any new disbursement allowed under the 1963 amendment to C'PLR 8301 (subd. [a], par. 12), should also have a reasonable ceiling, like that specified in paragraph 9 11 not exceeding two hundred fifty dollars in any one action”. Of course, it could be more or less 'than that sum, but a ceiling there should b:e.
Sound judicial policy dictates that the litigant, lawyer, court and public interest be considered.
A litigant with a meritorious case though difficult to prove in court, would want to know from his lawyer how much it would cost him to go to court and possibly lose. His lawyer should be able to forecast within reasonable limits, these costs and disbursements. Although the lawyer’s fee may be contingent upon *119 success, or nothing when the case be lost, if the bill of costs and disbursements could climb to thousands of dollars, the client with a doubtful case would likely refuse to sue.
So charging litigation out of court could be unjust to the litigant, induce counsel to seek his livelihood outside the court, reduce the calendar of cases to the extent that court procedure would be little used or abandoned in the decision of legal problems, lose to the public its bulwark of justice, namely, the court where every person is given his due.
The Legislature may delegate the rule-making power regulating practice and procedure to a court, the Appellate Division, the Administrative Board of the Judicial Conference, or the Judicial Conference. (N. Y. Const., art. VI, § 30.) Under CPLB 8301 (subd. [a], par. 12), a nisi prius court has been given, in effect, a rule-making power awarding disbursements in a particular case which could become the “ course and practice of the court,” but not necessarily binding upon any other court.
Uniformity, and foreseeability of rights and duties before the event, would be promoted if this rule-making power were exercised by the Appellate Division for each department, or by the board or conference for the State. Until then, each court has the power and duty to allow disbursements when reasonable and necessary to attain justice in that court.
"When the objection presents a question of law, the court should allow or disallow the item rather than order a new taxation before the Clerk. (Crosley v. Cobb, 37 Hun 271, 274 [4th Dept.].)
Here, the questions are resolved by the court, viz.: Allowed, Sheriff's fee of $14, Ciminisi’s and Littlebrandt’s fee of $6 each; conditionally allowed, $66.30 for 14 photographs, upon the presentation to the court within 15 days of the date of this decision, of an adequate affidavit showing the reasonableness thereof pursuant to CPLB 8301, subd. [d], otherwise it is disallowed; disallowed, Barau’s fee of $40 as an expert, but allowed at $9.20 as a statutory subpoena fee.