In the Matter of the Claim of DANIEL THOMAS, Respondent, v BETHLEHEM STEEL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, August 4, 1983

APPEARANCES OF COUNSEL

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*Ronald E. Weiss* and *Marvin H. Mason* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*Morris N. Lissauer* and *Henriette Frieder* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

MAIN, J.

On August 1, 1970, claimant retired after 42 years of employment with the Bethlehem Steel Corporation. On January 16, 1981, he filed a claim against Bethlehem, a self-insured employer, seeking compensation for an alleged occupational loss of hearing pursuant to article 3-A of the Workers' Compensation Law. At the request of Bethlehem, claimant was examined on January 23, 1981 by a doctor who concluded that claimant had a binaural loss of hearing but made no indication as to whether the hearing loss was work related. The claim was controverted by Bethlehem

upon the ground, *inter alia,* that the claim was not filed within the two-year statutory period from the date of disablement as required by sections 28 and 40 of the Workers' Compensation Law (all section references are to the Workers' Compensation Law unless otherwise indicated) in effect at the time of claimant's retirement. After a hearing on June 10, 1981, the referee disallowed the claim on the basis that it was not timely filed. Claimant, in seeking board review, asserted that section 49-bb, as amended by chapter 324 of the Laws of 1980, rendered the filing timely despite the provisions of section 28. On May 12, 1982, the board held a hearing on this claim, as well as on four other claims, which involved identical questions of fact and of law.[*] It was conceded by all participants that the five claims were filed more than two years after the date of disablement and were, admittedly, time barred by the then existing Statute of Limitations. Nonetheless, claimant, relying upon the language of section 49-bb as amended by chapter 324 of the Laws of 1980, which reads: "An employee whose disablement and knowledge of disablement occurred prior to October first, nineteen hundred eighty shall have six months from such date to file a claim" contended that this language created a six-month grace period for filing from October 1, 1980 to March 1, 1981 which allowed for the filing of this ancient and otherwise time-barred claim. The majority of the divided board panel adopted this interpretation and reversed the referee, thus giving rise to this appeal.

Bethlehem contends that the new language at issue applies only to those claims not already time barred under the old Statute of Limitations in effect prior to October 1, 1980, and that the clear meaning and intent was to place a further restriction on the time within which claims for occupational loss of hearing could be timely filed. The board with equal fervor also asserts that the language as written is clear and unequivocal and free from doubt, and that it provides that all of those persons whose disablement had occurred prior to October 1, 1980 were granted six

---

[*] It is reliably reported and is not disputed that, in addition to these five claims, several hundred other claims, some as old as 30 years, exist at both the board panel and referee levels.

months from that date within which to file even though the claims were ancient and time barred by the pre-existing law.

We must disagree with the conclusion of the parties to the effect that the language is clear and unequivocal. Their diametrically opposed interpretations support our view, which is also graphically demonstrated by the fact that the board panel in *Matter of Reinhardt v Buffalo Sheet Metals* (Workers' Compensation Bd. File No. 88104772, filed March 25, 1982) rejected the interpretation embraced by a divided panel in the case at bar. Inasmuch as doubt and uncertainty prevail as to the Legislature's intent, the court is constitutionally obligated to determine that which was intended. This we must do through the use and application of established rules or canons of construction, their purpose being to assist in discovering the true intention of the law (McKinney's Cons Laws of NY, Book 1, Statutes, § 91). In the same vein, when doubt or ambiguity exists, an elementary principle provides that courts may look behind the words of a statute (cf. *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471, 480).

A fundamental rule of construction provides that the Legislature, when enacting an amendment or new legislation, is presumed to know and be aware of the law existing at that time and does not act in a vacuum (McKinney's Cons Laws of NY, Book 1, Statutes, pp 174-175). Hence, the Legislature, in enacting chapter 324 of the Laws of 1980, had to be aware of subdivision 2 of section 49-ee, which provides that "in no event shall any employer * * * be liable for the payment of any claim that would otherwise * * * be barred by any of the limitations contained in sections twenty-eight and forty of this chapter", and yet left it undisturbed. Since there was no legislative direction that any of these sections be modified or repealed, we are required to follow the rule that in reading the original act and the amendatory language, no part of either is to be held inoperative if they can be made to stand and work together (McKinney's Cons Laws of NY, Book 1, Statutes, § 192). Since these sections can stand and work together, the application of this construction mandate supports

Bethlehem's position that it was intended that section 49-bb would reduce the existing time barriers for those with then viable claims to a period of six months.

We next note that the board's decision is bottomed upon its conclusion that 49-bb is repugnant to 49-ee and that, therefore, the latter was repealed. Such a conclusion is erroneous for, as was previously pointed out and can be readily seen, the two sections can stand and work together. Moreover, such a holding requiring retroactive application breathes new life into countless claims, some of them as much as 30 years old, which have long since expired at the hands of the then-existing time restrictions. A primary rule of construction emphatically provides that an amendment will have prospective application only absent language in the statute, not present here, which clearly indicates to the contrary (McKinney's Cons Laws of NY, Book 1, Statutes, § 52). This rule has particular application where, as here, retroactive application would cause far-reaching results of serious proportions. The application would force upon Bethlehem and other employers similarly situated the impossible task of trying to investigate, process and defend claims which arose years ago and concerning which the employers had no knowledge or base from which to acquire the same and, thus, create vast potential liability at a time subsequent to the legal demise of those claims.

Unwarranted retrospective applications involving less drastic consequences have not been countenanced by this court or the Court of Appeals (see *Matter of Beary v City of Rye,* 44 NY2d 398; *Matter of Mulligan v Murphy,* 14 NY2d 223; *Sessa v State of New York,* 63 AD2d 334, affd 47 NY2d 976). As Judge CARDOZO wrote some years ago, such a revival would constitute "an extreme exercise of legislative power" and any uncertainties as to the Legislature's intentions in that regard should be "resolved against consequences so drastic" (*Hopkins v Lincoln Trust Co.,* 233 NY 213, 215). Moreover, the board's decision calling for the retroactive application of section 49-bb would surely be subject to constitutional attack as being in violation of Bethlehem's right to due process of law (see *United States v Kubrick,* 444 US 111, 117). "Where the constitutionality of

an act may be rendered doubtful, the court will first ascertain whether a construction of the act is fairly possible by which the question may be avoided" (McKinney's Cons Laws of NY, Book 1, Statutes, p 321). Such a construction is obviously "fairly possible" at bar and called for by the exercise of reason and logic as well. Had the Legislature intended the construction ascribed by the board, it could easily have so indicated. That it did not do so demonstrates its intent that it be applied prospectively.

We are not unmindful of the rule urged by the board that "[t]he construction given to a statute by the agency responsible for its administration should be upheld by the courts if it is neither irrational nor unreasonable" (*Matter of Holbrook v New York State Employees' Retirement System,* 79 AD2d 63, 65, mot for lv to app den 54 NY2d 603). However, this rule has no application unless the statute being construed lies within the realm of the agency's expertise (see *Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Giaquinto v Major Sanitation,* 89 AD2d 66, mot for lv to app den 58 NY2d 604), a situation not presented here. Furthermore, here the separate panels of the agency have reached diametrically opposed results and we conclude that the determination which we are here concerned with is both irrational and unreasonable. Nor have we not given consideration to the several authorities advanced by the board. They are clearly distinguishable and do not support the board's position that this amendment revives claims presently barred by law.

The board's decision is erroneous as a matter of law and must be reversed.

The decision should be reversed, and the claim dismissed, with costs to the employer against the Workers' Compensation Board.

MAHONEY, P. J., SWEENEY, CASEY and WEISS, JJ., concur.

Decision reversed, and claim dismissed, with costs to the employer against the Workers' Compensation Board.