■ In the Matter of LEO LEVY et al., Respondents, v HERBERT B. EVANS et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (H. Cahn, J.), entered March 23, 1983, which granted petitioners' application and enjoined respondents from implementing a lag of payment of the petitioners' salaries pursuant to section 5 of chapter 353 of the Laws of 1982, affirmed, without costs. ¶ Subdivision 2 of section 908 of the County Law provides: "Each of the county clerks of the counties comprising the city of New York shall receive an annual salary of not less than the compensation received by a judge of the civil court of the city of New York." Due to the lag instituted by respondents-appellants, the petitioners would have lost a pay period in December, 1982. Thus, while Judges of the Civil Court of the City of New York received three paychecks in December, 1982, the County Clerks would have been paid only twice and accordingly their gross yearly salary would be reduced *below* that of a Civil Court Judge. ¶ While the Court of Appeals has stated in *Boryszewski v Brydges* (37 NY2d 361, 367) that it found nothing in the constitutional provisions on which the petitioners in that case relied

"which forbids deferred payment of compensation currently earned", here the petitioners rely on subdivision 2 of section 908 of the County Law. The respondents-appellants argue that the law must give way to the later-enacted section 5 of chapter 353 of the Laws of 1982, the two laws being claimed to be in irreconcilable conflict (see McKinney's Cons Laws of NY, Book 1, Statutes, § 398). ¶ We are, however, constrained to avoid irreconcilableness in the construction of laws and aim to reconcile them if that is possible (McKinney's Cons Laws of NY, Book 1, Statutes, § 398). Here reconciliation is easily effected. Section 5 of chapter 353 of the Laws of 1982 does not authorize the Chief Administrator of the courts to impose a "lag payroll" on the petitioners. It authorizes only "an alternative procedure" to the biweekly payment of their salaries. In the interest of avoiding a repeal by implication — an action held in disfavor by the courts (*City of New York v Maltbie,* 274 NY 90, 97) — section 5 should be construed to authorize the Chief Administrator to impose not just any alternative pay procedure but one that does not violate subdivision 2 of section 908 of the County Law, as this one does. Concur — Asch, Lynch and Alexander, JJ.

Sandler, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We would reverse the judgment appealed from and dismiss the petition on the merits. ¶ All parties agree that Special Term was in error in holding section 7 of article XIII of the State Constitution applicable. ¶ We need not decide the subtle question whether the payroll lag provision constitutes a diminution in compensation or only a deferral. (Cf. *Boryszewski v Brydges,* 37 NY2d 361, 367.) In either case it is authorized by section 5 of chapter 353 of the Laws of 1982. The legislative history makes clear that the "alternative procedure" referred to in that statute was primarily a "lag payroll system". (Memorandum of Office of Court Administration, McKinney's Session Laws of NY, 1982, p 2675.) This statute "implements collective bargaining agreements" (*id.,* at p 2673) which included at least contingency provisions for a lag payroll. ¶ The County Clerks in the City of New York are officers of the Unified Court System. (See *Durante v Evans,* 94 AD2d 141, 145.) They are thus covered by the statute. If there is any inconsistency between chapter 353 of the Laws of 1982 and subdivision 2 of section 908 of the County Law, the 1982 statute, being enacted later, must govern.