■ STEPHEN F. CARNESI, Respondent, v STATE OF NEW YORK, Appellant.—Yesawich, Jr., J.

On February 27, 1985, claimant filed a notice of intention to file a claim against the State alleging that excessive force was intentionally or negligently inflicted upon claimant on December 10, 1984 by a State Environmental Conservation Department police officer in the course of arresting claimant. When, on December 10, 1986, claimant filed his "notice of claim", the

State moved to dismiss it as untimely and for failure to state a cause of action. Claimant then moved to have his notice of intention to file a claim treated as a notice of claim. The Court of Claims found the claim untimely but, only insofar as it asserted a cause of action for intentional tort, and then restored that aspect of the claim by granting claimant's motion on the authority of cases having their origin in this court's decision in *Chalmers & Son v State of New York* (271 App Div 699, *affd without opn* 297 NY 690). On appeal, the State argues that *Chalmers* should be overruled because (1) the State is now required to answer claims *(see,* 22 NYCRR 206.7 [a]), (2) the Court of Appeals requires strict compliance with notice of claim statutes *(see, e.g., Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 548-549), and (3) courts are without power to grant nunc pro tunc relief after the expiration of the Statute of Limitations *(see, Pierson v City of New York,* 56 NY2d 950, 954-955).

We note first that since *Chalmers* was affirmed by the Court of Appeals, that court, not this one, should pass on the continued validity of the *Chalmers* decision. Additionally, we are unconvinced that *Chalmers* is in conflict with the more recent Court of Appeals pronouncements. The case of *Pierson v City of New York (supra)* teaches that service of a notice of claim (essentially the equivalent of a notice of intention *[compare,* General Municipal Law § 50-e, *with* Court of Claims Act §§ 10, 11], except that a notice of claim is a condition precedent to a complaint *[see,* General Municipal Law § 50-i], whereas a notice of intention is not a condition precedent to a claim *[see,* Court of Claims Act § 11]), or an application for an extension of time in which to do so, must be made within the applicable period of limitations. Far from sanctioning tardy compliance with notice requirements, *Chalmers* merely stands for the proposition that it is within the Court of Claims' discretion to determine whether the notice of intention was substantially the same as a claim and, thus, the suit brought to adjudicate the State's liability was not barred by the Statute of Limitations. As a consequence, those cases holding that the time and service requirements of notice statutes must be strictly complied with *(see, e.g., Vitale v Hagan,* 71 NY2d 955, *modfg on dissenting mem below* 132 AD2d 468, 471; *Parochial Bus Sys. v Board of Educ., supra,* at 548-549; *Byrne v State of New York,* 104 AD2d 782, 783, *lv denied* 64 NY2d 607) are inapplicable to a *Chalmers* case factual pattern, which is more aptly described as a liberal construction of pleadings decision. Nor are we persuaded that *Chalmers* is

incompatible with the State's obligation to timely answer or that it hobbles the State's ability to conduct discovery which the State might wish to pursue in response to a claim. In opposition to a *Chalmers* motion, the State has the opportunity of demonstrating how it has been prejudiced by reason of the delay occurring between the filing of the notice of intention and the court's declaration that the notice is indeed the claim; if the State makes a satisfactory showing that it will be disadvantaged, the claimant's motion will be defeated.

Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.