■ VITO ARTALE et al., Respondents, v STATE OF NEW YORK, Appellant.—Harvey, J.

On January 31, 1983, claimants sustained injuries when they were involved in an automobile accident on State Route 203 in the Town of Kinderhook, Columbia County. On April 25, 1983, claimants each filed with the Clerk of the Court of Claims a notice of intention to file a claim against the State. No further action was taken until January 23, 1986, when claimants filed a formal claim. In its answer, one of the affirmative defenses asserted by the State was that the claim was untimely (see, Court of Claims Act § 10). The State later moved to dismiss the claim upon this ground. Claimants cross-moved for an order allowing the notices of intention to be deemed the notice of claim. The Court of Claims granted claimants' cross motion. The State appeals.

Where a claimant files a timely notice of intent, the court may, in its discretion, deem the notice of intent as a claim (see, e.g., Liberty Mut. Ins. Co. v State of New York, 121 AD2d 694; Chalmers & Son v State of New York, 271 App Div 699, affd without opn 297 NY 690). In order to treat a notice of intent as a claim, the notice of intent must state a cause of action (see, Jackson v State of New York, 85 AD2d 818, 819, lv dismissed and denied 56 NY2d 501, 568; see also, Waters of Saratoga Springs v State of New York, 68 NY2d 777) and the failure to file the claim must not have prejudiced the State (see, Carnesi v State of New York, 140 AD2d 912; Chalmers & Son v State of New York, supra). Here, in their notice of intent, after alleging the time and place where the claim

arose, claimants merely alleged that they "sustained serious personal injuries and property damage as a result of the negligence of the State of New York in the design, construction, maintenance and operation of its highways". The notice of intent fails to allege the manner in which claimants were injured. No mention is made in the notice of intent that the injuries were sustained in an automobile accident. Further, the broad allegations of negligence do not indicate how this purported negligence caused claimants' injuries. In the absence of these allegations, claimants have not stated a cause of action in negligence (see, Patterson v State of New York, 54 AD2d 147, 150, affd 45 NY2d 885; see also, Jackson v State of New York, supra, at 819). Hence, it was error for the Court of Claims to treat the notice of intent as a claim.

Order reversed, on the law, without costs, cross motion denied, motion granted and claim dismissed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.