OPINION OF THE COURT
James P. King, J.
*298 Motion by defendant for an order of dismissal and cross motion by claimant for an order deeming the notice of intention to be the claim in this action.
Claimant alleges that from October 12 to October 16, 1996 he was unlawfully arrested and detained at the Ulster County Jail on charges that he committed grand larceny in the third degree (Penal Law § 155.35). His claim was filed on November 14, 1997 and it recites that a notice of intention was served on January 8, 1997.* In its answer, the State raised, as its sixth affirmative defense, the. following: “That this Court lacks subject matter jurisdiction of the claim and personal jurisdiction over the defendant, The State of New York, as the claim is untimely as it was not filed and served within one year of accrual of the claim as required by Court of Claims Act Sections 10(3) and 11(a) and CPLR Section 215.”
Pursuant to CPLR 215 (3), the Statute of Limitations for actions for false imprisonment and other torts traditionally classified as “intentional” is one year; pursuant to Court of Claims Act § 10 (3-b), claims to recover for the intentional tort of a State official must be brought within 90 days of their accrual, unless a notice of intention is served, “in which event the claim shall be filed and served upon the attorney general within one year after the accrual of such claim.” Here, the claim was not filed within a year of its accrual, and defendant’s motion must be granted.
Counsel for claimant acknowledges the untimely filing, but cross-moves, pursuant to Court of Claims Act § 10 (8) (a), for permission to treat the notice of intention as the claim in this action. Defendant acknowledges that the notice of intention was timely served and properly served but opposes the motion with the following argument: “The claimant is not entitled to have the Court consider the notice of intention as a claim as the statute of limitations expired one year from the date of accrual and this motion was made after that date.” (Affirmation in opposition of P. Baker fl 12.) Claimant counters that this reading of the statute is “illogical” because it would require the claimant to move for Court of Claims Act § 10 (8) (a) relief within a year after the claim accrued, which would be “futile since a verified claim could be filed within the same time frame” (reply affirmation of R. Grieco 8).
*299 Illogical or not, the Assistant Attorney-General has accurately stated the law. Section 10 (8) (a) of the Court of Claims Act reads, in pertinent part: “A claimant who timely serves and files a notice of intention but who fails to timely serve or file a claim may, nevertheless, apply to the court for permission to treat the notice of intention as a claim. The court shall not grant such application unless: it is made before an action asserting a like claim against a citizen of the state would be barred under the provisions of [CPLR article 2]”. As noted above, CPLR 215 requires that an action for false imprisonment be commenced within one year of its accrual. In other types of actions, such as unintentional torts or contract claims, there is some legitimate benefit that can be derived from the relief provided by Court of Claims Act § 10 (8) (a), because the time limitation for filing in the Court of Claims is shorter than the CPLR article 2 Statute of Limitations. For false imprisonment and other intentional torts, however, the time periods are identical.
Even where there is a gap between the time limitation contained in Court of Claims Act § 10 and the CPLR Statute of Limitations, the relief provided by deeming a notice of intention to be the claim is somewhat limited. A litigant whose claim was improperly or untimely filed has the alternative remedy of filing for permission to late file, pursuant to Court of Claims Act § 10 (6), within the same time period. The enactment of Court of Claims Act § 10 (8) (b) codified — but simultaneously significantly limited — the court’s power in this area. It is no longer possible to use this mechanism to “save” an improperly or untimely commenced claim after the CPLR article 2 Statute of Limitations had tolled, as had been the case prior to codification (see, e.g., Chalmers & Son v State of New York, 271 App Div 699, affd 297 NY 690; Carnesi v State of New York, 140 AD2d 912; Artale v State of New York, 140 AD2d 919; Barski v State of New York, 43 AD2d 767).
Defendant’s motion is granted, and claimant’s cross motion is denied. The claim is dismissed.

 Since 1995, litigants have not been required to file a notice of intention with the court (Court of Claims Act § 11 [a], as amended by L 1995, ch 466, §2).