OPINION OF THE COURT
Francis T. Collins, J.
Movant is employed at the Ulster Correctional Facility, *175 which is adjacent to the Eastern Correctional Facility, both facilities being located in Napanoch, New York. On October 17, 1996, she went to Eastern Correctional Facility intending to meet with a union representative. Upon arriving, she attempted to place a telephone call to the union representative from a desk located in the main lobby when she tripped over a telephone cord and fell to the ground sustaining a fracture of her left wrist. Movant filed a workers’ compensation claim and a notice of intention to file a claim was personally served upon the Attorney-General’s Office on January 10, 1997. A claim was not filed within two years of the date of accrual as required by Court of Claims Act § 10 (3). By this motion, movant seeks to have the notice of intention treated as a claim.
Court of Claims Act § 10 (8) (a) provides: “A claimant who timely serves and files a notice of intention but who fails to timely serve or file a claim may, nevertheless, apply to the court for permission to treat the notice of intention as a claim. The court shall not grant such application unless: it is made before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules; the notice of intention was timely served and filed, and contains facts sufficient to constitute a claim; and the granting of the application would not prejudice the defendant.”
Readily apparent from the statute’s express language is that, by its terms, section 10 (8) (a) does not apply to the instant facts in that the claimant herein timely served a notice of intention but did not file the same. The analysis, however, cannot end there given the apparent inconsistency between the literal language of section 10 (8) (a) and the jurisdictional provisions of sections 10 and 11 of the Court of Claims Act which, in their present state, require only that a notice of intention be served upon the Attorney-General (McKinney’s Cons Laws of NY, Book 1, Statutes § 98).
Prior to their amendment in 1995 (L 1995, ch 466), Court of Claims Act §§ 10 and 11, together, required a claimant seeking to commence a lawsuit against the State to file a claim or notice of intention to file a claim with the clerk of the court, with a copy to be served upon the Attorney-General either personally or by certified mail, return receipt requested. Specifically, section 10 established time periods, which varied according to the theory of recovery asserted, within which a claimant seeking to recover against the State was required to file either a *176 claim or a written notice of intention. If a notice of intention was timely filed, a further time period was provided for the actual filing of a claim. Subdivision (6) of section 10 provided relief, under certain circumstances, to those claimants who failed to timely file a claim or notice of intention. At the same time, Court of Claims Act § 11 reiterated the requirement that a claim or notice of intention be filed with the clerk and, except as not relevant here, added the requirement that a copy be served upon the Attorney-General.
Against this statutory backdrop developed an additional, judicially created remedy for those claimants who had timely filed and served a notice of intention but subsequently failed to file a claim as required by the Court of Claims Act. Beginning with the case of Chalmers & Son v State of New York (271 App Div 699, affd without opn 297 NY 690), the Courts permitted such claims to be maintained where the notice of intention was sufficiently descriptive as to be the substantial equivalent of a claim (Carnesi v State of New York, 140 AD2d 912). Essentially, a notice of intention which was timely served and filed could be treated as a claim even though no claim was filed during the period provided in the statute or, in fact, despite the expiration of the applicable Statute of Limitations (Liberty Mut. Ins. Co. v State of New York, 121 AD2d 694).
The Chalmers concept of treating a timely filed notice of intention as a claim was codified, and at the same time restricted, by the Legislature’s enactment of Court of Claims Act § 10 (8) in 1993 (L 1993, ch 405). The relief provided was extended, consistent with the provisions of sections 10 and 11 as they existed at that time, to “[a] claimant who timely serves and files a notice of intention but who fails to timely serve or file a claim”. (Court of Claims Act § 10 [8] [a].) However, any applicant seeking to utilize the remedy provided in section 10 (8) was required to act “before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules”. (Court of Claims Act § 10 [8] [a].) Thus, any application made after the applicable Statute of Limitations had run was untimely and, therefore, ineligible for relief under the statute.
The issue presented in the instant application for relief under section 10 (8) was created when the Legislature adopted chapter 466 of the Laws of 1995. As applicable to this analysis, chapter 466 amended Court of Claims Act § 11 to delete the requirement that a notice of intention to file a claim be filed with the clerk of the court. Section 10 was likewise altered to *177 eliminate the requirement that a notice of intention be filed and to include specific references, heretofore contained only in section 11, that a notice of intention be served upon the Attorney-General within the time provided for filing a claim. If so served, a claim was required to be filed within two years (or one year for intentional torts) of the accrual of the particular cause of action.
Of critical importance to the disposition of the instant application is that chapter 466 of the Laws of 1995 effected no change to the file and serve provisions of section 10 (8) of the Court of Claims Act.
The issue thus distills to whether the Legislature’s failure to amend section 10 (8) to delete the requirement of filing a notice of intention, while so amending the other related provisions of sections 10 and 11, should be construed as having acted to extinguish the availability of the relief provided thereunder for those claimants who timely serve, but do not file, a notice of intention on and after the effective date of chapter 466 of the Laws of 1995 (Aug. 2, 1995).
In all lawsuits involving statutory construction the primary task is to determine the Legislature’s intent as “the court is constitutionally obligated to determine that which was intended” (Matter of Thomas v Bethlehem Steel Corp., 95 AD2d 118, 120). Where “the words and meaning of a statute are plain, clear and unambiguous, a court should not resort to analysis of the legislative history”, but should simply “give effect to the plain meaning of the words used” (Van Amerogen v Donnini, 156 AD2d 103, 105-106, 105). However, “when doubt or ambiguity exists, an elementary principle provides that courts may look behind the words of a statute” (Matter of Thomas v Bethlehem Steel Corp., supra, at 120; see, Matter of Cahill v Rosa, 89 NY2d 14, 21). In so doing the court should look to the legislative history (McKinney’s Cons Laws of NY, Book 1, Statutes § 125), especially the Bill Jacket (see, Matter of New York State Conference of Blue Cross & Blue Shield Plans v Muhl, 253 AD2d 158; Matter of Ellis, 252 AD2d 118; DiNardo v Koro'nowski, 252 AD2d 69). Here, doubt and ambiguity emanate from the interplay of the 1993 and 1995 amendments to Court of Claims Act § 10 and examination of the legislative histories of chapter 405 of the Laws of 1993 and chapter 466 of the Laws of 1995 is required.
A review of the legislative history surrounding the adoption of Court of Claims Act § 10 (8) reveals two primary purposes, to wit, to restrict the provision of relief available under Chal *178 mers (supra) to applications made prior to the expiration of the applicable Statute of Limitations and to provide claimants who had timely served and filed a notice of intention, but failed to timely serve and file a claim, an additional avenue of access to Court of Claims jurisdiction which required a less complete showing than that prescribed in Court of Claims Act § 10 (6). The legislation ultimately adopted as chapter 405 of the Laws of 1993, which enacted Court of Claims Act § 10 (8), was introduced as part of the Attorney-General’s Legislative Program 1993-1994 (No. 182-93). In the memorandum which accompanied the legislation the Attorney-General stated the following:
“Even though Chalmers treatment could not, under this bill, be granted beyond the statute of limitations, nonetheless, the bill would provide to claimants who act within the period of the statute of limitations an additional way to commence a lawsuit against the State that is significantly different from the late filing provided by Court of Claims § 10(6).
“Under § 10(6), timely service or filing of a notice of intention is not a prerequisite for late filing.
“However, service of a notice may be a factor bearing on the court’s decision whether or not to grant late filing. Under § 10(6), the claimant must make a showing concerning at least six factors set forth in the statute.
“Under this bill, timely service and filing of a notice of intention would be a prerequisite for Chalmers treatment. However, under this bill, the claimant would not need to make a showing concerning all of the six factors required by § 10(6). For example, under this bill a claimant would not necessarily have to show: (1) whether the delay in filing the claim was excusable; (2) whether the claim appears by evidentiary matter to be meritorious; or (3) whether the claimant has any other available remedy.
“This bill would give to the State the repose which statutes of limitations give to other defendants, while preserving to claimants ample opportunity to commence a claim against the State even if they fail to do so within [the] short time limits of § 10 subdivision (1) to (4) and even where they may not otherwise be able to meet the criteria of § 10(6) for late filing of a claim.” (Attorney-General’s Legislative Program 1993-1994, No. 182-93, at 2-3, Bill Jacket, L 1993, ch 405.)
Apparent from the above is that section 10 (8) was, at the time of its adoption, understood as providing certain claimants *179 a remedy that was different from, and in addition to, that otherwise available under the late claim provisions of section 10 (6).
In the memorandum submitted with the legislation ultimately adopted as chapter 466 of the Laws of 1995 (Attorney-General’s Legislative Program 1995-1996, No. 22, at 1-2, Bill Jacket, L 1995, ch 466), the stated justification for the amendment is that: “The requirement for filing notices of intention, in order to extend the time within which to commence claims, imposes an unnecessary obstacle to the jurisdiction of the Court of Claims. Failure to timely file such notices can result in burdensome motion practice seeking permission to file late claims. It [c]an even result in dismissal of meritorious claims. In short, although most practitioners are familiar with the procedure for filing notices of intention, in some respects the requirement constitutes a classic trap for the unwary.”
In essence, the court is required to determine whether the remedy provided under section 10 (8), adopted by the Legislature in 1993 but conditioned upon meeting procedural prerequisites otherwise removed from the Court of Claims Act in 1995, remains viable. That by their plain language the filing and service requirements of section 10 (8) are inconsistent and conflict with the provisions of sections 10 and 11 regarding service of a notice of intention seems clear. On and after August 2, 1995, claimants no longer file notices of intention and current practice in this court is to return any notice actually submitted for filing.[1] By its terms, however, service and filing of a notice of intention continues to be a condition precedent to relief under section 10 (8). In fact, the statute specifically prohibits the granting of an application unless “the notice of intention was timely served and filed”. (Court of Claims Act § 10 [8] [a].)
Where two statutes conflict or are inconsistent with one another, an implication arises that the provisions of the prior law which are in conflict or inconsistent with a later enactment are repealed (Matter of Consolidated Edison Co. v Department of Envtl. Conservation, 71 NY2d 186; T.D. v New York State Off. of Mental Health, 228 AD2d 95; Matter of St. Joseph’s Hosp. Health Ctr. v Axelrod, 74 AD2d 698). The repeal thus effected *180 may be as to the whole or only a part of the conflicting prior law (McKinney’s Cons Laws of NY, Book 1, Statutes § 391; Bush v Delaware, Lackawanna & W. R. R. Co., 166 NY 210, 219; Hankins v Mayor, Aldermen & Commonalty of City of N. Y., 64 NY 18). Repeal by implication is disfavored and will not be found unless no contrary conclusion can be reached (Matter of Pharmaceutical Socy. v New York State Dept. of Social Servs., 223 AD2d 58). The conflict or inconsistency must be such as to preclude giving effect to both of two conflicting statutes or parts of the same statute (Alweis v Evans, 69 NY2d 199, 204; Ball v State of New York, 41 NY2d 617, 622; Cimo v State of New York, 306 NY 143, 148, 149) and it is incumbent upon a court to strive, by any reasonable construction, to reconcile a conflict so that the conflicting or inconsistent provisions may both be given effect (Matter of Levy v Evans, 103 AD2d 681; Matter of Garufi v Bennett, 150 Misc 2d 799). Whether in whole or in part, where a conflict may not be reconciled it is the provisions of the later act which are controlling (Matter of Natural Resources Defense Council v New York City Dept. of Sanitation, 188 AD2d 415). Courts should endeavor to discern the intent of the Legislature in undertaking to reconcile any conflict or inconsistency and, in this regard, should consider the object or purpose underlying enactment of the later act (People v Mann, 31 NY2d 253; Walsh v City of Buffalo, 92 Hun 438).
May the plain language of section 10 (8) be harmonized with the other provisions of the current Court of Claims Act? The answer is that it can, albeit in a generally unsatisfactory manner.
Two approaches are available. The first would find that a claimant who timely serves and files a notice of intention, though not affirmatively required by the statute, could avail himself or herself of the remedy provided in section 10 (8) in those instances where there is a failure to serve and file a claim within the extended one- or two-year period allowed by the statute but prior to the running of the Statute of Limitations. While this result would be consistent with the generally benign purpose underlying the changes enacted by chapter 466 of the Laws of 1995, it would be inconsistent, and therefore incompatible with, the elimination of filing for notices of intention implemented thereby. It is important to remember that chapter 466 amended Court of Claims Act § 11 and subdivisions (2), (3), (3-a), (3-b), (4) and (6) of section 10 to eliminate the filing requirement theretofore imposed upon notices of intention, while leaving section 10 (8) undisturbed.
*181 Although disfavored, this court holds that chapter 466 of the Laws of 1995 impliedly repealed the provisions of Court of Claims Act § 10 (8) authorizing treatment of a notice of intention as a claim, prospectively from August 2, 1995, the chapter’s effective date. The most reasonable interpretation to ascribe to the Legislature’s silence relative to section 10 (8) is that of purposeful inaction. Were there an intent to continue section 10 (8) relief prospectively it would have been an easy matter to amend section 10 (8) in 1995 in a manner consistent with the changes to the remaining subdivisions of the very same section.
This conclusion accords proper weight to the effect of the later enactment as well as the presumed legislative intent, while saving the effectiveness of section 10 (8) relative to those potential claims for which notices of intention were filed prior to August 2, 1995 and upon which the Statute of Limitations has not expired. Although substantially limiting the scope and utility of the relief available under section 10 (8), it must be noted that relief remains available, upon a proper showing, in the form of a late claim motion under section 10 (6).[2] In so holding, the court is aware that section 10 (8) in its current form may well constitute the sort of “classic trap for the unwary” which the changes implemented by chapter 466 of the Laws of 1995 sought to avoid. It is, however, the role of the Legislature and not the courts to clarify the language of the statute.
Movant’s application for an order pursuant to Court of Claims Act § 10 (8) permitting the treatment of the notice of intention as a claim is denied.

. A court may take notice of its own practice (Muffoletto v Rivera, 54 Misc 2d 114, 117). It should be noted, however, that this current practice may arguably be in derogation of the direction contained in 22 NYCRR 206.5 (c) (Uniform Rules for Ct of Claims) that “[a]n original and two copies of all other papers required to be served upon a party shall be filed with the clerk”.

. This court cannot give section 10 (6) relief sua sponte as a formal application requesting such relief is required (Calderazzo v State of New York, 74 AD2d 954; Ton-Da-Lay, Ltd. v State of New York, 70 AD2d 742; Muscat v State of New York, 103 Misc 2d 589).