*501 OPINION OF THE COURT
Andrew P. O’Rourke, J.
Claimant alleges that on August 10, 1997 he was injured in a one-vehicle accident on State Route 209 in the Town of Deer Park, New York, due to the negligence of the State in its maintenance and control over the area of the highway where the accident occurred. A notice of intention to file a claim in this matter was served on the Attorney General on November 7, 1997, within 90 days after the occurrence. Claimant also attempted to file the notice of intention with the Court of Claims. The Court of Claims stamped the notice of intention “Received” on November 6, 1997, but returned the notice to claimant since the requirement of filing the notice of intention with the Court of Claims had been removed by legislative act in 1995 (see, L 1995, ch 466, § 1). A claim was subsequently served on the Attorney General by certified mail, return receipt requested, on July 27, 1999, within the two-year Statute of Limitations. The claim was never filed with the Court of Claims, however, as required by Court of Claims Act § 11 (a). The fact that the Attorney General received the claim is undisputed, given that the State served an answer to the claim.
Claimant now seeks permission to treat the notice of intention as a claim pursuant to Court of Claims Act § 10 (8) (a). That section provides: “A claimant who timely serves and files a notice of intention but who fails to timely serve or file a claim may, nevertheless, apply to the court for permission to treat the notice of intention as a claim. The court shall not grant such application unless: it is made before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules; the notice of intention was timely served and filed, and contains facts sufficient to constitute a claim; and the granting of the application would not prejudice the defendant” (emphasis supplied).
Claimant timely served a notice of intention on the Attorney . General. Additionally, this motion was made within the three-year Statute of Limitations for negligence actions and thus is timely (see, CPLR 214 [5]). Defendant does not dispute that the notice of intention that was served in this case contains facts sufficient to constitute a claim, and the court so finds, given that it details the date, time and location of the accident as well as the manner in which the accident occurred and the manner in which the State is alleged to have caused the ac *502 cident. The court notes that the failure of the notice of intention to specify the amount of damages sought is not fatal to this application where the notice was otherwise sufficient to apprise the State of the substance of the claim (see, Barski v State of New York, 43 AD2d 767, 768; McCabe v State of New York, 58 Misc 2d 823, 826; see also, Brown v State of New York, 250 AD2d 314, 319). Clearly, that defect can be remedied by the filing of an amended claim containing a demand for relief. Manifestly, the absence of any appreciable prejudice to defendant if this application were to be -granted is apparent, given that defendant promptly served an answer to the claim and that a thorough investigation of this accident was conducted by State actors. Thus, the court finds that claimant has met all of the statutory prerequisites for granting the requested relief pursuant to section 10 (8) (a), except that he has not filed a notice of intention with the Court of Claims.
Defendant contends that the relief afforded by section 10 (8) (a) is not available in the absence of filing of the notice of intention with the Court of Claims. In other words, defendant urges this court to follow case law authority which holds that this statutory remedy is available only where notices of intention were served on the Attorney General and accepted for filing by the court prior to August 2, 1995, which is the effective date of the amendment to the Court of Claims Act that removed the filing requirement (see, Konviser v State of New York, 180 Misc 2d 174; see also, Brill v State of New York, Ct Cl, Mar. 27, 2000, Bell, J., motion No. M-60994). As defendant stresses, when the Legislature removed the requirement of filing notices of intention with the Court of Claims, it did not simultaneously amend the language of section 10 (8) (a) that conditions the availability of its remedy upon timely service and filing.
As the court in Konviser recognized, there is an “apparent inconsistency between the literal language of section 10 (8) (a) and the jurisdictional provisions of sections 10 and 11 of the Court of Claims Act which, in their present state, require only that a notice of intention be served upon the Attorney-General” (Konviser v State of New York, 180 Misc 2d, at 175, supra). In Konviser (supra), the court ruled that the statutory remedy afforded by section 10 (8) (a) was impliedly repealed by the Legislature’s removal of the requirement that notices of intention be filed with the court. However, repeal of a statute by implication is disfavored under the law and should only be found where the two statutes cannot coexist (see, Iazzetti v City of New York, 94 NY2d 183, 189). Indeed, there is presently a *503 split of authority on this precise question emanating from this court (compare, Konviser v State of New York, 180 Misc 2d 174, supra, and Brill v State of New York, Ct Cl, Mar. 27, 2000, Bell, J., motion No. M-60994, supra, with Fox v State of New York, Ct Cl, June 7, 1999, King, J., claim No. 99171, motion No. M-58800, cross motion No. CM-58963).
This court cannot conclude that when the Legislature removed the requirement of filing a notice of intention in 1995 in order to reduce the procedural hurdles necessary to obtain Court of Claims jurisdiction it implicitly intended to extinguish or repeal the remedy afforded by section 10 (8) (a) (cf., Konviser v State of New York, 180 Misc 2d 174, supra). Section 10 (8) (a) was enacted only two years earlier (see, L 1993, ch 405, § 1) in an effort to continue by legislative codification a remedy that had previously been accomplished by judicial precedent (see, Carnesi v State of New York, 140 AD2d 912; Chalmers & Son v State of New York, 271 App Div 699, affd 297 NY 690), and that was considered an alternative to the late-claim application authorized by Court of Claims Act § 10 (6) (see, Konviser v State of New York, 180 Misc 2d, at 178, supra).
While the statutes are clearly inconsistent, the conflict may be avoided simply by allowing the remedy of section 10 (8) (a) to apply where a notice of intention was timely served on the Attorney General and where all of the remaining statutory prerequisites for relief thereunder have been met. This reading of the two statutes gives continuing utility to the important relief afforded by section 10 (8) (a) (see, Iazzetti v City of New York, 94 NY2d, at 189, supra). Indeed, as at least one other court considering this question has found, “there is no logical impediment to construing the statute as permitting a Court to deem the notice of intention a claim, as long as all other criteria are met, when the claimant has only served that document on the Attorney General but has not filed it with the Court because such filing is no longer necessary” (Fox v State of New York, Ct Cl, June 7, 1999, King, J., claim No. 99171, motion No. M-58800, cross motion No. CM-58963, supra). In cases of inconsistency or doubt, this court believes that such questions must be resolved in favor of the claimant and in favor of justice requiring the matter to be heard by a court. New York State has a continuing course, from the Field Code to the CPLR, of liberal interpretation of our statutes to allow the courts to be available to even those confused by their intricacies. Accord *504 ingly, claimant’s motion for permission to treat the notice of intention that was served on the Attorney General on November 7, 1997 as the claim in this matter is granted.