■ In the Matter of PASQUALE BISCARDI, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent. —Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County), to review a determination made by respondent on April 15, 1975, disapproving petitioner's application for accidental disability retirement benefits. Petitioner, a member of the Suffolk County Police Department, filed an application for accidental disability retirement benefits alleging that he was incapacitated for the performance of his duties as a police officer as a result of a heart attack sustained on July 24, 1969. By notice of determination dated January 28, 1972, respondent determined that petitioner was incapacitated as a result of the heart attack of July 24, 1969. However, respondent denied petitioner's application on the ground that section 363-a of the Retirement and Social Security Law (as amd by L 1970, ch 953) provided that an application for accidental disability retirement, based upon an injury to or impairment of the heart, which occurred on or before September 1, 1969, may be granted *only if* the application is filed with the retirement system on or before December 31, 1970. Respondent found that since petitioner did not file his application until December 1, 1971, it is time-barred under the provisions of the Retirement and Social Security Law. Following the denial of a second application, alleging that he was incapacitated due to the same heart attack sustained July 24, 1969, petitioner was granted a hearing and reconsideration of his entitlement to benefits which resulted in the determination which is now before us for review. The sole issue is whether petitioner's application for benefits is barred by the Laws of 1970 (ch 953, § 2) as not timely filed. Section 363-a was originally enacted by chapter 1103 of the Laws of 1969, effective September 1, 1969 and to remain in effect

until August 31, 1970. When chapter 953 of the Laws of 1970 was enacted, the life of section 363-a, which was due to expire on August 31, 1970, was extended, but the Legislature provided that where any such injury to or impairment of the heart occurred on or before September 1, 1969, the provisions of the statute will be applicable only if application for accidental disability retirement in connection with such injury or impairment is filed on or before December 1, 1970. Petitioner's first application was filed December 1, 1971, and the second on March 10, 1973, both alleging that he was incapacitated as a result of a heart attack sustained on July 24, 1969. Section 363-a was amended in 1971, 1972, 1973 and 1974, thereby extending it annually for one additional year. However, the amendments are silent as to any date limiting the time for filing applications, nor has the provision limiting the time for filing applications, as set forth in chapter 953 of the Laws of 1970, ever been repealed. It is clear, that the legislative intent was to give retroactive effect to the provisions of section 363-a (which provides a presumption of accident in cases of disability from injury to or impairment of the heart), but at the same time imposed a "deadline" date beyond which applications for the benefits provided would not be accepted. We do not agree with petitioner's contention that the matter omitted in the amendatory statutes is considered repealed, and that, therefore, an application under section 363-a of the Retirement and Social Security Law may be filed at any time regardless of the date of the occurrence. As this court has recently stated, repeals of earlier statutes by implication are not favored and a statute is not deemed repealed by a later one unless the two are in such conflict that both cannot be given effect. The absence of an express provision in a later statute, for repeal of an earlier one, gives rise to a presumption that repeal was not intended (*Ball v State of New York*, 52 AD2d 47, 51). Petitioner's claim of denial of due process and equal protection of the laws is without substance and does not require discussion. Nor does the fact that notice of the incident of the heart attack was timely filed in accordance with the provisions of the Workmen's Compensation Law have any bearing on the issues here. Determination confirmed and petition dismissed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.