■ In the Matter of St. Joseph's Hospital Health Center, Appellant, v David Axelrod, as Commissioner of Health of the State of New York, Respondent, and George Hardy, as President of the Service Employees International Union, AFL-CIO, Intervenor-Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered October 10, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent David Axelrod, as Commissioner of the Department of Health of the State of New York, from making public disclosure of petitioner's 1978 uniform financial reports, filed pursuant to article 28 of the New York Public Health Law, and all future reports. On March 1, 1979, the petitioner, a voluntary not-for-profit hospital, filed its 1978 uniform financial statement schedules with the New York State Department of Health in accordance with the mandate of section 2805-a of the Public Health Law. The uniform financial statements include a breakdown and department allocation of petitioner's costs and revenues for its fiscal year. In June, 1979, the petitioner learned that the respondent had promulgated regulations whereby respondent proposed to make available for public inspection and copying, on or after August 1, 1979, the uniform financial statements and schedules filed by the petitioner. The petitioner objected to such action, and after it was unable to reach a satisfactory result, petitioner instituted this proceeding in the nature of prohibition pursuant to CPLR article 78. In this proceeding petitioner contends, among other things, that such statements and schedules contain confidential, commercial and financial information, which, if disclosed, would cause substantial harm to petitioner's competitive position with other area hospitals and suppliers, and would detrimentally affect petitioner with respect to present attempts being made to unionize its employees. Special Term held that disclosure of the uniform financial reports and statements was available pursuant to section 2805-a of the Public Health Law. Accordingly, the petition was dismissed. Section 2805-a of the Public Health Law requires every general hospital operating under the provisions of article 28 of the Public Health Law to file with the Commissioner of Health a certified report showing its financial condition and financial transactions during its fiscal year. The Commissioner of Health may determine the form and substance of the information in the report to insure that the financial condition of the hospital and its expenditures for the fiscal year are depicted (Public Health Law, § 2805-a). Section 2805-a of the Public Health Law also provides: "The contents of all reports submitted hereunder shall be public information and such reports shall be available for public inspection under such conditions as the commissioner shall prescribe." The relevant statutory language is clear and unequivocal. The certified report submitted under section 2805-a is public information and the commissioner is required to

make all such information available to the public. The petitioner makes two arguments concerning the viability of section 2805-a of the Public Health Law. First, petitioner contends that the disclosure provisions of that section were impliedly repealed by the enactment of the Freedom of Information Law in article 6 of the Public Officers Law, effective January 1, 1978. Subdivision 5 of section 89 of that article, however, expressly provides that nothing in the New York Freedom of Information Law "shall be construed to limit or abridge any otherwise available right of access at law or in equity of any party to records". Clearly, subdivision 5 of section 89 of the Public Officers Law precludes the first argument of the petitioner. Second, the petitioner claims that section 2803-b of the Public Health Law impliedly repealed section 2805-a of that law. Subdivision 1 of section 2803-b requires the State Hospital Review and Planning Council, subject to the approval of the Commissioner of Health, to "adopt and amend approved systems of uniform hospital accounting and reporting which are designed to enable hospitals to fairly, accurately and efficiently prepare the financial reports required by subdivision three of this section". Subdivision 3 of section 2803-b requires every hospital to furnish certain statutorily defined reports to the Department of Health for the hospital's fiscal year "commencing after the adoption of the systems of uniform hospital accounting and reporting approved under subdivision one of this section". Section 2803-b does not provide that the information submitted thereunder is public information. Repeal by implication is not favored (Ball v State of New York, 41 NY2d 617, 622). Unless a later statute expressly repeals an earlier one, there is a presumption that repeal was not intended (Matter of Biscardi v Levitt, 54 AD2d 1016, 1017). In the absence of language of repeal, the later statute will be deemed to repeal the former only if the two are in such conflict that they cannot be reconciled (People v Mann, 31 NY2d 253, 258). Analysis of sections 2803-b and 2805-a reveals that there are no such irreconcilable conflicts. Although both sections require submission of financial information, the report under section 2803-b is more detailed. In addition, the reports to be submitted under section 2805-a may be varied by the commissioner while section 2803-b deals with accounting systems and reports designed by the State Hospital Review and Planning Council. Furthermore, the reporting requirements of section 2803-b were not immediate because the State Hospital Review and Planning Council's approved system of uniform accounting and reporting did not become effective until 1979 (10 NYCRR Part 44). Viewed in this light, it cannot be said that the Legislature impliedly repealed section 2805-a when it enacted section 2803-b. The financial reports and statements filed with the Commissioner of Health pursuant to or in satisfaction of section 2805-a of the Public Health Law have been legislatively designated as public information.* This being so, petitioner's application for a writ of prohibition precluding the commissioner from disclosing such information must be denied. We have considered the other arguments of the petitioner and find them to be without merit. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.

---

* We note that for fiscal years beginning on or after January 1, 1980 the commissioner has directed that the reports to be submitted in compliance with section 2805-a shall be in accordance with the rules and regulations of the department concerning the reports required under section 2803-b. (10 NYCRR 86-1.4 [c].)