OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought by the Village of Bath to restrain the Steuben County Civil Service Commission from terminating the certification of employment of Chief of Police James Urey. Upon application of respondents, Chief Urey was directed to intervene in this proceeding.
In January, 1980, James Urey was provisionally appointed police chief by the Village of Bath Police Commission. A civil service examination for the position in May, 1980 failed to produce a certified list of eligible applicants. A second examination was given in October, 1981 which Chief Urey did not pass. In December, 1981, the police commission was provided with a certified list of three eligible applicants and one alternate. One of the three eligible persons was appointed but later declined the appointment and the alternate withdrew his name from consideration.
*571 Petitioner seeks to retain Chief Urey as a provisional appointee until such time as it is furnished with a mandatory list of three persons willing to accept the appointment. (See Civil Service Law, § 61.) Respondents assert the right to terminate the successive provisional appointment of Chief Urey in accordance with rule XVI (3) (b) of the Rules for Classified Civil Service of the County of Steuben.
Section 6 of article V of the New York State Constitution provides: “Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”.
The parties agree that petitioner is entitled to a list of three persons as required by section 61 of the Civil Service Law and cannot be compelled to make a permanent appointment from the existing list which now contains only two names. Subdivision 4 of section 65 of the Civil Service Law provides: “Successive provisional appointments shall not be made to the same position after the expiration of the authorized period of the original provisional appointment to such position; provided, however, that where an examination for a position or group of positions fails to produce a list adequate to fill all positions then held on a provisional basis, or where such list is exhausted immediately following its establishment, a new provisional appointment may be made to any such position remaining unfilled by permanent appointment, and such new provisional appointment may, in the discretion of the appointing authority, be given to a current or former provisional appointee in such position”. Petitioner maintains that since it has not been provided with an adequate list of three qualified eligibles, it is therefore empowered to continue Chief Urey’s provisional appointment.
Rule XVI (3) (b) of the Rules for Classified Civil Service of the County of Steuben provides as follows: “No provisional employee who has twice failed an examination for permanent appointment shall be given another provisional appointment in the same position, provided, however, where an examination fails to produce any qualified eli *572 gibles, or where an eligible list is exhausted immediately following its establishment, such employee at the discretion of the appointing authority, may be given another provisional appointment in the same position.” Respondents argue that since the examination did not fail to produce any qualified eligibles and has not been exhausted, plaintiff is prohibited from giving Chief Urey another provisional appointment.
Municipal civil service commissions have the power to prescribe suitable rules for carrying into effect the provisions of the Civil Service Law and the Constitution (Civil Service Law, § 20, subd 1). Such rules when properly adopted have the force and effect of law. They should not be interfered with unless they are inconsistent with the Civil Service Law, the Constitution or are arbitrary or unreasonable. (Civil Service Law, § 20, subd 2; Matter of O’Brien v Lang, 18 AD2d 140, affd 13 NY2d 688.) The local rule in question was approved by the State Civil Service Commission and filed with the Secretary of State (see Civil Service Law, § 20, subd 2).
Chief Urey further notes that the “two-exam rule” was deleted from the statute in a 1959 amendment to subdivision 4 of section 65 of the Civil Service Law. A review of the legislative history reveals that the amendment was approved at the urging of the Director of Personnel of the City of New York because of the great administrative burden there of determining who had failed an examination twice. Furthermore, the Governor’s memorandum of approval commented that a “ Two-examination’ rule” could be adopted by a local commission and was not necessary as a part of the statute. (See NY Legis Ann, 1959, p 462.) In addition, the court has considered a letter submitted by respondents from a senior attorney with the State Department of Civil Servicfe expressing an opinion that the local rule is consistent with subdivision 4 of section 65 of the Civil Service Law. It appears that the intent of the Legislature in amending the statute was to make the “two-exam rule” discretionary with local commissions rather than mandatory throughout the State.
Although petitioner cannot be compelled to make a permanent appointment from the list of two names, it does *573 not follow that the list is depleted and without effect. In fact, the two remaining qualified persons have preference in certification over a new list established for the same position in accordance with the provisions of subdivision 1 of section 60 of the Civil Service Law.
Chief Urey further requests that the position of chief of police be classified as noncompetitive because it is not practicable to ascertain the merit and fitness of applicants by competitive examination (see Civil Service Law, § 42). Petitioners have failed to demonstrate any reasonable basis to reclassify this position as an exception to the general public policy of competitive examinations.
Respondents, in the exercise of their discretion, have seen fit to adopt a “two-exam rule.” The existing list contains names of two persons who have been found to have the necessary qualifications. To appoint one of them provisionally would be in furtherance of the constitutional mandate to make appointments according to merit and fitness as ascertained by competitive examination. In view of public safety considerations and the advantages of continuity in this sensitive position, respondents are encouraged to schedule a new competitive examination as quickly as possible to provide petitioner with a list of three names.
The wisdom and desirability of the local rule adopted by respondents are not within the province of this court to determine. The sole question presented in this proceeding is whether or not the local rule is inconsistent with the Constitution or the Civil Service Law. This court finds that it is not. Respondents’ application of their rule is neither arbitrary, capricious nor unreasonable, but rather is in accordance with lawful procedure. For the foregoing reasons, petitioner’s application is dismissed.