■ In the Matter of MICHAEL E. SMITHWICK, Respondent, v JUDITH A. LEVITT, as Director of the New York City Department of Personnel, et al., Appellants.—Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about September 2, 1987, which granted petitioner's application for a judgment pursuant to CPLR article 78 to the extent of annulling a determination of the respondent Department of Personnel, dated July 29, 1985, and declaring that the age requirement contained in notices for firefighters examination No. 1162 was arbitrary and capricious and could not be used to disqualify petitioner as a firefighter, reversed, on the law and the facts, the application denied and the petition dismissed, without costs.

The facts in this case are virtually identical to those in *Matter of Savarese v Levitt* (147 AD2d 992), decided by this court, without opinion, on February 16, 1989. The *Savarese* case requires reversal here. The issue in both cases is whether the applicant for a firefighters examination was required to be within six months of his or her eighteenth birthday as of the date of the filing of an application for the examination or as of the date of taking the examination. We conclude that the appropriate date is the filing date.

In *Savarese,* the petitioner, born on December 26, 1964, was approximately 17 years and five months old on June 22, 1982, the last filing date for the New York City firefighters examination. Thus, he was several days shy of eligibility. When Savarese took the examination on September 11, 1982, he was approximately 17 years and eight months old.

Savarese unsuccessfully argued that section 487a-3.0 (a) (3) *(recodified as* § 15-103 [a] [3]) of the Administrative Code of the City of New York, which requires that an applicant be at least 18 years of age "on the date of the filing of his or her

application for [the] civil service examination", is in conflict with section 54 of the State Civil Service Law which directs that qualified persons who are within six months of the minimum age requirement be permitted to take competitive examinations and which contains no requirement that the minimum age be determined as of the date of filing. Savarese argued that the referenced language of the Administrative Code predates that of the Civil Service Law and contended that the conflict between the Code and a State statute renders the former null and void. Moreover, as in the instant case, Savarese argued that he was misled by an erroneous notice issued, and then subsequently corrected, by the respondent which indicated that the minimum age would be determined as of the date of the examination.

In the instant case, petitioner, on May 7, 1982, filed an application to take the same examination. At that time he was approximately 17 years and two months old, having been born on March 11, 1965. He took the examination on September 11, 1982, at which time he was approximately 17 years and six months old.

On April 7, 1982, the respondent New York City Department of Personnel (DOP) issued a notice of examination which incorrectly stated that an applicant had to be within six months of his or her eighteenth birthday "by the date of the written test" in order to qualify for the examination. On April 14, 1982 the DOP issued an amended notice of examination which stated that the applicant had to be within six months of his or her eighteenth birthday by the date of the filing for the examination in order to qualify to take it.

Administrative Code § 487a-3.0 requires an applicant to have reached his or her eighteenth birthday or to be within six months of reaching it by the date of filing for the examination. Section 487a-3.0 reads as follows:

"§ 487a-3.0 Qualifications of force of department. a. To qualify for membership in the department a person shall be:

"1. A citizen of the United States.

"2. Able understandingly to read and write the English language.

"3. Shall have passed his or her eighteenth birthday but not his or her twenty-ninth birthday *on the date of the filing of his or her application for civil service examination.* No person who qualifies under this requirement shall be disqualified from membership in the department because of having passed his or her twenty-ninth birthday subsequent to the filing of

his or her application. However no person shall be appointed unless he or she shall have attained his or her twenty-first birthday." (Emphasis supplied.)

We cannot agree with the dissent that Administrative Code § 487a-3.0 is in conflict with section 54 of the New York State Civil Service Law with respect to when age is to be determined. Section 54 requires that an otherwise qualified person who is within six months of the minimum age requirement be permitted to take the examination. However, nothing in section 54 requires that a determination as to whether an applicant has attained that minimum age be made as of the time of the examination. Section 54 provides: "§ 54. Age Requirements Notwithstanding any provision of law to the contrary, except as herein provided, neither the state civil service department nor the state civil service commission, nor any municipal civil service commission shall prohibit, prevent, disqualify, or discriminate against, any person who is physically and mentally qualified, from participating in a civil service examination or from qualifying for a position in the classified civil service, or penalize any such person in a final rating by reason of his or her age; and any such rule, requirement, resolution, regulation or penalization shall be void. Nothing herein contained, however, shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive examinations for positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law. *Minimum age requirements shall in no case prohibit an applicant who is within six months of the minimum age requirement from taking any competitive examination.* Nothing herein contained shall be construed to prohibit the disqualification, on account of age, of any applicant for a position who has reached the mandatory retirement age applicable by law to such position." (Emphasis added.)

It is a well-established principle of statutory construction that in the absence of explicit language of repeal, two statutes should be construed, if at all possible, in such a manner as to give effect to both. *(People v Newman,* 32 NY2d 379, 389-390 [1973], *cert denied* 414 US 1163 [1974]; *People v Mann,* 31 NY2d 253, 257-258 [1972]; *Knapp v Monroe County Civ. Serv. Commn.,* 77 AD2d 817, 818 [4th Dept 1980]; *Matter of Biscardi v Levitt,* 54 AD2d 1016, 1017 [3d Dept 1976].)

As for petitioner's argument that the respondents should be estopped from contending that petitioner was ineligible to take the examination, it is settled that estoppel may not be

invoked against a State agency to bar its performance of a statutory duty. *(Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369-370 [1988]; *Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282 [1988]; *Morley v Arricale,* 66 NY2d 665, 667 [1985].)

As no incongruity exists between section 54 of the Civil Service Law and section 487a-3.0 of the Administrative Code with respect to when an applicant's age is to be established, respondents' determination that petitioner was not qualified for appointment as a firefighter was not arbitrary or capricious, or an abuse of discretion. Concur—Murphy, P. J., Milonas and Smith, JJ.

Sullivan and Carro, JJ., dissent in a memorandum by Carro, J., as follows: I would affirm the judgment of the Supreme Court, which granted the CPLR article 78 petition to the extent of annulling the challenged determination and declaring the minimum age requirements contained in the amended notices, dated April 14 and May 22, 1982, respectively, of the firefighters examination to be arbitrarily and unreasonably imposed, and contrary to law. This is the appropriate conclusion to be reached upon considering whether Civil Service Law § 54 sets minimum age requirements for civil service examinations as of the date of the examination, thus rendering individuals who are within six months of the minimum age requirements at the time of the competitive examination eligible candidates.

The facts in this case are essentially undisputed. On or about April 7, 1982, respondents-appellants the City of New York Department of Personnel (DOP) and the New York City Fire Department issued a notice that a competitive examination for the position of firefighter was going to be administered on September 11, 1982. The notice set out the age requirements, in pertinent part, as follows:

*"AGE REQUIREMENTS:* Pursuant to Section [487a-3.0 (a) (3)] of the Administrative Code, only persons who have passed their eighteenth birthday but not their twenty-ninth birthday *on the date of the written test* qualify for this examination. However, only persons who have reached their twenty-first birthday shall be appointed.

"Applicants must have passed their 18th birthday by the date of the written test. *However, in accordance with Section 54 of the New York State Civil Service Law, this minimum requirement shall in no case prohibit an applicant who is within six months of this minimum age requirement from taking the written test.* * * *

"At the time of investigation, applicants will be required to present proof of date of birth by transcript of record of the Bureau of Vital Statistics or other satisfactory evidence." (Emphasis added.)

On April 14, 1982, the DOP issued an amended notice. The April 14, 1982 notice contained an altered provision regarding the age requirements to be met by candidates for the position of firefighter. The pertinent portions of this provision read:

*"AGE REQUIREMENTS:* Pursuant to Section [487a-3.0 (a) (3)] of the Administrative Code, *only persons who have passed their eighteenth birthday but not their twenty-ninth birthday on the date of filing qualify for this examination.* However, only persons who have reached their twenty-first birthday shall be appointed.

*"Applicants must have passed their 18th birthday by the date of the filing.* However, in accordance with Section 54 of the New York State Civil Service Law, this minimum requirement shall in no case prohibit an applicant who is within six months of this minimum age requirement from taking the written test. * * *

"At the time of investigation, applicants will be required to present proof of date of birth by transcript of record of the Bureau of Vital Statistics or other satisfactory evidence." (Emphasis added.)

On May 22, 1982, the DOP issued a second amended notice of examination which also contained this provision regarding the age requirements.

On May 7, 1982, petitioner-respondent Michael E. Smithwick (Smithwick) filed an application to take the September 11, 1982 firefighter examination, denominated exam No. 1162. The information contained in Smithwick's application included his date of birth, March 11, 1965. Smithwick was 17 years, one month and 26 days old on the date he filed his application. However, on September 11, 1982, the date the written exam was administered, he was 17 years and six months of age, exactly six months from his eighteenth birthday; on September 28, 1982, when Smithwick took the physical exam, he was less than six months away from his eighteenth birthday.

Smithwick was notified that he achieved passing scores in both the written and physical examinations. In fact, he ranked an impressive 110 on a list of 20,000 eligible candidates.

On July 29, 1985, Smithwick was notified that he was

deemed not qualified to be a firefighter because on the date he filed his application, he was underage. Smithwick duly filed an appeal with the New York City Civil Service Commission (Civil Service Commission). However, the Civil Service Commission affirmed the determination against Smithwick.

Pursuant to CPLR article 78, Smithwick filed a petition, urging that pursuant to Civil Service Law § 54 he met the age requirement and was thus entitled to take the examination, because he was within six months of his eighteenth birthday when both the written and physical tests were administered. Smithwick further contended that any age requirement imposed by the Administrative Code of the City of New York which was in conflict with Civil Service Law § 54 was null and void.

On July 7, 1987, Supreme Court, New York County (Kristin Booth Glen, J.), granted Smithwick's petition and held that Smithwick had met the age requirement and was, therefore, improperly disqualified. In arriving at this conclusion, the court determined that Civil Service Law § 54 was controlling as to whether an applicant had met the minimum age requirement for a civil service examination. In addition, the court held that section 15-103 (a) (3) (former § 487a-3.0 [a] [3]) of the Administrative Code was invalid insofar as it required candidates for the position of firefighter to be 18 years old on the date of filing of the application, because this provision was inconsistent with Civil Service Law § 54. The court further ruled that the appropriate date to be used in measuring the minimum age requirement was the date of the examination, not that of the filing of the application.

The instant appeal followed.

While local governing bodies are authorized to enact legislation for the purpose of carrying into effect the provisions of the Civil Service Law and the Constitution, such provisions must be consistent with the Civil Service Law and the Constitution, and may not be arbitrary or unreasonable. (*Matter of O'Brien v Lang,* 18 AD2d 140; Civil Service Law § 20 [2]; *see also, Matter of Village of Bath v Steuben County Civ. Serv. Commn.,* 113 Misc 2d 570, 572 [Sup Ct, Steuben County 1982].) Section 54 of the Civil Service Law, which is controlling here, is quite clear as to age requirements for those candidates who wish to take competitive examinations and apply for civil service jobs including that of fireman: "Notwithstanding any provision of law to the contrary, except as herein provided, *neither the state civil service department nor the state civil service commission, nor any municipal civil service commission*

*shall prohibit, prevent, disqualify, or discriminate against, any person who is physically and mentally qualified, from participating in a civil service examination or from qualifying for a position in the classified civil service, or penalize any such person in a final rating by reason of his or her age; and any such rule, requirement, resolution, regulation or penalization shall be void.* Nothing herein contained, however, shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive examinations for positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law. *Minimum age requirements shall in no case prohibit an applicant who is within six months of the minimum age requirement from taking any competitive examination.* Nothing herein contained shall be construed to prohibit the disqualification, on account of age, of any applicant for a position who has reached the mandatory retirement age applicable by law to such position" (emphasis added).

In 1975, this statute was amended to include the provision allowing candidates within six months of the minimum age requirement to take competitive examinations. The controlling principle in the interpretation of the statute is the intent of the Legislature. *(Matter of Bath & Hammondsport R. R. Co. v New York State Dept. of Envtl. Conservation,* 73 NY2d 434, 437.) Regarding the legislative intent of amendments to statutes, "[g]enerally, in the construction of statutes, the intention of the Legislature is first to be sought from a literal reading of the act itself or of all the statutes relating to the same general subject-matter. In this respect, the legislative intent is to be ascertained from the words and language used in the statute, and if the language thereof is unambiguous and the words plain and clear, there is no occasion to resort to other means of interpretation." (McKinney's Cons Law of NY, Book 1, Statutes § 92 [b].)

The words of Civil Service Law § 54 are "plain and clear", and the language certainly "unambiguous". However, even if it was necessary to look further in an attempt to consider what the legislative intent of the amendment was, it would become readily apparent that the "six month" provision was enacted specifically to address the practice of permitting only persons who met the strict minimum age requirement to take competitive civil service examinations. After the administration of an examination, candidates often then had to wait years for an appointment, while those who missed the age

requirement then had to mark time, sometimes for years, waiting for another administration of the exam, to be followed by the same delay.

The memorandum of Senator John J. Santucci regarding this amendment stated:

"This bill would amend the age requirements *for the taking of a state or municipal civil service examination to permit applicants within six months of the minimum age to take the competitive examination.*

"The present practice of allowing only those who meet the strict minimum age requirement *to take an examination* acts as an unnecessary burden on those who will meet the necessary requirements at the time the position will become available. Occasionally because of a few months in age a person is required to wait several years before another exam is given.

"The six (6) months leeway will serve as a guidline from which the civil service commissions can formulate its decisions as to when the anticipated time of *appointment* will occur" (emphasis added). (1975 NY Legis Ann, at 75.)

Notably absent from either the amendment or the memorandum was any age requirement for the *filing* of the application. Rather, just as the statutory amendment, the memorandum *explicitly* focused upon the age of the applicant at the time of the *administration* of the examination.

By juxtaposing Civil Service Law § 54, as amended in 1975, and Administrative Code § 15-103 (a) (3), which has, since 1968, required a candidate to have "passed his or her eighteenth birthday * * * on the date of the filing of his or her application for civil service examination", it becomes patently clear that this inconsistent portion of the Administrative Code is contrary to the language and intent of the Civil Service Law and results in excluding from the list of eligibility the very candidates the Legislature sought to include by the 1975 amendment.

While I am mindful of this court's recent conclusion to the contrary in *Matter of Savarese v Levitt* (147 AD2d 992), which affirmed, without opinion, a determination that, pursuant to the Administrative Code, a similarly situated petitioner was unqualified for being under the required age, it is clear to me that there is a conflict between Civil Service Law § 54 and the Administrative Code. Placing Smithwick in the category of "not qualified" based on his age was in direct disregard of Civil Service Law § 54 and thus arbitrary, unreasonable and unlawful. Consequently, Smithwick, who is now over 21 years

old and has demonstrated his "merit and fitness" for public service as a fireman by his outstanding performance in both the written and physical examination, should be granted an appointment. (Civil Service Law § 50 [1].)